CYRUS P. ALLBEE et al., Appellants, v. THE PEOPLE, Appellees.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A party who has executed a bond as surety, declaring that the principal in it, who was coroner, had succeeded to the office of sheriff, cannot gainsay the fact, so as to release himself from liability.

THE facts are, that on the first Tuesday next after the first Monday of November, 1854, James Andrew was elected sheriff, and James S. Beach, coroner of the county of Cook, and State of Illinois. That on the 27th of February, 1856, the sheriff died. The clerk of the County Court of Cook county notified the Governor of the vacancy. The Governor neglected to issue a writ of election to fill said vacancy. On March 25th, 1856, the said Beach, with Carrolton Drake, Joseph H. Gray, Martin O. Walker, and the said Cyrus P. Allbee, entered into a bond which was approved by the Circuit Court of said Cook county, in the penal sum of $10,000, and payable to the People of the State of Illinois, conditioned as follows : " That, whereas, the above bounden James S. Beach, coroner in and for the county of Cook, and State of Illinois, has by the decease of James Andrew, late sheriff of said Cook county, succeeded to the rights, duties, office, etc., of sheriff of said county, by virtue of his said office of coroner, now if the said James S. Beach shall faithfully and truly perform and discharge all the duties required or to be required of him by law, as acting sheriff of said county of Cook, then the above obligation to be void; otherwise to be and remain in full force and effect."

The People, for the use of John Copeland, sued the bond aforesaid in the Common Pleas Court of Cook county aforesaid. The writ of summons was served upon the said Beach and Allbee alone. On September 16, 1858, a judgment by default was entered against the said Beach and Allbee, for $10,000, the penalty aforesaid, and the damages were assessed in favor of the said Copeland, to the amount of $321.65. An execution issued upon said judgment for the damages aforesaid against the said Beach and Allbee. On September 16, 1858, Daniel T. Olney suggested a further breach of said bond, and recovered, on September 25, 1858, upon an assessment, damages for such further breach to the amount of $389.92. On November 12, 1858, a *sci. fa.* was issued on the original judgment aforesaid, to make Walker, Drake and Gray, parties thereto. This writ was served upon Walker and Gray. Drake not found. To this *scire facias* Gray demurred, and Walker plead in substance the

facts aforesaid. The plaintiff demurred to the said several pleas. Judgment was rendered upon the demurrer, making Gray and Walker parties to the said original judgment.

The errors assigned are that,

The court erred in rendering the original judgment aforesaid.

The court erred in assessing damages in favor of the said Copeland.

The court erred in assessing damages in favor of the said Olney.

The court erred in making the said Gray and Walker parties to the said original judgment.

R. S. BLACKWELL, for Appellant.

W. T. BURGESS, for Appellees.

CATON, C. J. The recitals of this bond declare, that the principal had succeeded to the office of sheriff, by reason of the death of the sheriff, and the obligees in the bond are estopped to deny, that he did thereby become the sheriff, and it is quite unnecessary for us to determine, whether this statement was true or not. This question has been fully settled by this court in the case of *Green et al.* v. *Wardwell et al.*, 17 Ill. R. 278. We there held, that the sureties in the bond of a justice of the peace should not be permitted to deny, that he was in law and in fact, a justice of the peace. See also *Shaw et al.* v. *Havekluft et al.*, 21 Ill. R. 127. They vouched to the public, that he was authorized to act in that capacity, and undertook that he should act faithfully, and when called upon to respond for a want of fidelity, they could not turn round, and say that he was not such officer. So here these sureties declared in this bond, that Beach became sheriff by virtue of his office of coroner, upon the death of a former sheriff, and they obligated themselves that he should perform the duties of that office faithfully, and now when sued upon that bond, because he did not do so, they must be concluded by this declaration. But admitting that they may deny that he succeeded to the office of sheriff, there can be no question that he succeeded to all the duties of the office of sheriff, which fact is also recited in this bond, and the obligation that he should faithfully perform these duties, is beyond all question strictly within the provisions of the statute, and that affords precisely the same remedy upon a coroner's bond, that it does upon a sheriff's bond, so that it seems to us quite immaterial, whether it be deemed a sheriff's bond or a coroner's bond. The form is the same, and the remedy is the same in the one case as the other. At any rate

they have certified to all persons who might entrust their business to his hands, that he was sheriff, and invited them to entrust such business to him, and placed this bond drawn in the forms of the law, upon the records of the court, as a security to such suitors.

The judgment is affirmed.

*Judgment affirmed.*