# CHAUNCEY C. WOOD

## *v.*

# THE KINGSTON COAL COMPANY.

1.  COVENANT FOR TITLE—*measure of damages.*—Where a person sells and conveys real estate and covenants to warrant and defend the title, and an eviction is had, the covenantee may recover the purchase money paid and six per cent. interest thereon for five years prior to the eviction, and afterwards, until the recovery on the covenant, where the premises have been occupied by the grantee. In such a case the use and occupation is presumed to be equal to the use of the purchase money, and as the grantee is only liable for *mesne* profits for five years before an eviction, he will be restricted in the recovery of interest as damages to that period.

2.  SAME.—To limit the computation of interest to that period in such a case, it is not necessary to plead the statute of limitations. It is a question of practice in assessing damages and not a question of pleadings.

3.  CORPORATION—*proof of.*—A plea denying the averment that plaintiff is a corporation is overcome by proof that defendant sold plaintiff land and executed to it a deed of conveyance, thus recognizing it as a corporate body.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

The facts upon which a reversal of the judgment in the court below is asked, are fully presented in the opinion.

Messrs. McCOY & STEVENS, for the appellant.

Messrs. WEAD & JACK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of covenant, brought by appellees, in the Peoria Circuit Court, against Chauncey C. Wood, on the covenants contained in a deed executed by the latter to the former. The declaration avers that the deed was made and contained a

covenant of general warranty of the title; that a suit was instituted in the Circuit Court of the United States in ejectment, by Francis A. Wilson against appellees, and that the premises thus conveyed were recovered on a trial of the action, and appellees evicted therefrom. To the declaration several pleas were filed upon which issue was joined. A trial was subsequently had, resulting in a judgment in favor of appellees. And the case is brought to this court on appeal, and a reversal is urged upon the alleged ground of a misdirection of the jury by the court below.

The instruction given for appellees, and to which an exception is taken, is the first in the series asked by them, and is this :

"If the jury believe, from the evidence, that the defendant executed the deed to the plaintiff, and that the plaintiff has been ousted from the possession of the land therein described by virtue of an older and better title, the plaintiff is entitled to recover the amount of the consideration named in said deed, with interest thereon from the date of the deed to the present time, at six per cent."

In the case of *Harding* v. *Larkin*, 41 Ill. 413, it was held that on a breach of a covenant of general warranty of title, the true measure of damages was the purchase money with six per cent. interest for five years prior to the eviction, if the grantee was liable for *mesne* profits. That the action for *mesne* profits, being an action of trespass, and that the limitation of that form of action applied by analogy to a recovery of this character; that the recovery of *mesne* profits always followed a recovery in ejectment and was in trespass, and that our ejectment law had given a suggestion in the nature of that action and for the recovery of *mesne* profits, as a continuation of the suit in ejectment, which followed the judgment for the recovery of the land; that if the action was either trespass or

the suggestion in ejectment for the recovery of such profits, the statute of limitations barred a recovery for a longer period than five years before the recovery; and, that as the law indulged the presumption that the possession and profits of the land purchased were equal in value to the interest on the purchase money, that on the failure of title, the grantee having enjoyed the use of the land from the date of his deed, could not recover interest on the purchase money except for the period of time he was liable for *mesne* profits. This rule is applicable to improved and productive land, but, perhaps, would not apply to vacant and unproductive real estate, to which the title had failed.

At the ancient common law, under the writ of *warrantia chartæ*, the demandant recovered only the value of. the land at the time the warranty was made, although the land may have increased in value from natural or other causes. Reeves' Eng. Law, 448. This compensation was made in lands, by the warrantor, or his heir, if he inherited from his ancestor, of equal value to the land from which the feoffee was evicted. Glanville, sec. 3, c. 4, Bracton, 384 a. b. While this rule prevailed in England, yet, under the early feudal law on the continent, the lord was bound to recompense his vassal, on eviction, with other lands of equal value to that from which he was evicted, at the time of eviction. But this rule, so far as we can ascertain, never obtained in the common law of England; nor did the change introducing personal covenants, alter the rule as to the amount of the recovery. In warranties on the sale of chattels the rule is the same. 1 H. Black. 17.

While, originally, the purchaser only recovered the purchase money paid, without interest, yet, after the introduction of the action for *mesne* profits, which takes from the purchaser, on eviction, the profits of the land, the rule was adopted allowing him interest in lieu of such profits; and the rule is now established, that he may recover interest so long as he is liable for *mesne* profits, and we have seen that is from the time of a

recovery on the covenant back to five years before the eviction, if the grantee is liable for such profits. *Staats* v. *Ex'rs of Ten Eyck*, 3 Caine's R. 111; *Caulkins* v. *Harris*, 9 John. R. 324; *Bennet* v. *Jenkins*, 13 ib. 50.

It is, however, urged that, as the statute of limitations was not interposed, this question does not arise on the record. Had the action been barred by the statute, to have availed of it, the plea should have been interposed. But there is no pretense that the action is barred in this case. There is nothing appearing from which it can be inferred that any portion of the cause of action was barred. The breach of the covenant occurred within the period of sixteen years. This is only a question of the measure of damages—simply for what period of time interest shall be computed on the purchase money in assessing the damages; and the appellees should be confined to five years before the eviction, and up to the time they recovered on the covenant, if they were liable for *mesne* profits. In the case of *Caulkins* v. *Harris*, *supra*, the action was on a covenant in the deed, and only the plea of *non est factum* was filed, and in the court below interest was allowed from the date of the deed until the recovery in the action of covenant, but the judgment was reversed, the court, on appeal, only allowing interest for six years. In that case the plea of the statute of limitations was not interposed. The court below, in this case, therefore, erred in giving appellees' first instruction.

Appellant endeavors to obviate the effects of the error by offering to remit the excess of interest in this court. We are aware of no case in which the record of the court below has ever been altered or amended in this court. The several courts in our State have exclusive control over their records, and it is not the province of this court to alter or amend the records of inferior tribunals. This court, in the cases of *Pickering* v. *Pulsifer*, 4 Gilm. 79, and *Chenot* v. *Lefevre*, 3 Gilm.

643, refused to permit the entry of a *remittitur,* and we are not disposed to depart from the former practice of the court.

There is evidence in the record to prove the corporate existence of appellees. Appellant sold and conveyed to them the land and thereby recognized their corporate existence. This, of itself, would be sufficient evidence on this plea from which the jury might infer that they were acting as a corporate body, independent of the other evidence.

The judgment of the court below must, however, be reversed and the cause remanded.

*Judgment reversed.*