## SANDERS A. OSBORN

*v.*

## THE PEOPLE *ex rel.* Thomas A. Lewis, for use, etc.

*Filed at Springfield May 12, 1882.*

1. EVIDENCE—*to show title or want of title.* The want of title in a person can not be proved by verbal testimony. To prove title, or the want of title, the best evidence must be produced, or its absence properly accounted for to admit secondary evidence. The opinions of witnesses are not competent to prove that a person is not a land owner.

2. CORPORATION—*organization can not be attacked collaterally.* The legality of the organization of a corporation can be attacked and judicially examined only in a direct proceeding by *quo warranto.* It can not be inquired into in a collateral proceeding, such as a suit by the corporation.

3. PLEADING AND EVIDENCE—*proof necessary on plea of nul tiel corporation.* The plea of *nul tiel corporation* is a proper plea in a suit by a corporate body, when it is denied there is any such body, but under that plea it is sufficient for the corporation to prove that it is known and transacts business under the corporate name in which the suit is assumed to be brought, or is a corporation *de facto.* It is not necessary under such plea in such suit to show that the plaintiff is a corporation *de jure,* as in case of a *quo warranto.*

Appeal from the County Court of Champaign county; the Hon. J. W. Langley, Judge, presiding.

Mr. J. O. Cunningham, for the appellant:

There was no legal organization of a drainage district, for the reason that a majority of the adult owners of land did not sign the petition. The statute evidently requires that the legal owners shall sign the petition. Hurd's Stat. 1881, pp. 458, 467.

The assent of a majority of the owners of the land in the proposed district to the formation of a corporation with unlimited powers of assessment, was intended to be fundamental and jurisdictional. *Bostwick* v. *Skinner*, 80 Ill. 147; *Iverson* v. *Loberg*, 26 id. 179.

The assent, in the form prescribed by the statute, of those to be assessed, is to be regarded as a condition precedent, which can not be dispensed with, and a want of compliance with this requirement is fatal at any stage of the proceedings. *People* v. *Mayor*, 51 Ill. 17; Cooley on Taxation, 464.

It has always been held that this power in the legislature is subject to the limitation that a local burden can not be imposed without the consent of the people to be affected. *Directors* v. *Houston*, 71 Ill. 323; *Updike* v. *Wright*, 81 id. 50.

The finding of the commissioners that a majority of the land owners had united in the petition, is only *prima facie*, and may be disproved. Cooley on Taxation, 465. See, also, sec. 5 of the act.

It is a familiar principle that in summary proceedings, which may result in divesting title, the law is to be strictly construed, and nothing is to be taken by intendment. *People ex rel. Miller* v. *Otis*, 74 Ill. 384; *Mix* v. *People ex rel. Pierpont*, 72 id. 241; *National Bank* v. *Cook*, 77 id. 623; *City of Chicago* v. *Rock Island R. R. Co.* 20 id. 290; *Chicago* v. *Wright*, 32 id. 192.

To constitute an officer *de facto,* there must be some color of right to the office. *Pritchett* v. *People,* 1 Gilm. 529.

And there must be a *de facto* public office, and not a private affair, as in this case. There is a marked distinction between a *de facto* public officer whose acts concern the public, and a mere usurper of the office of a private corporation. *F. R. Co.* v. *G. J. R. & D. Co.* 1 Allen, 562.

Mr. WILLIAM B. WEBBER, for the appellees:

The legal existence of a corporation, and the acts of its officers, when they concern the public or the rights of third persons, can not be inquired into in a collateral proceeding. *Alderman* v. *School Directors,* 91 Ill. 199; *Trumbo* v. *People,* 75 id. 562; *Village of Nunda* v. *Village of Chrystal Lake,* 79 id. 311; *Baker* v. *Backus,* 32 id. 79; *Renwick* v. *Hall,* 84 id. 162; *President and Trustees* v. *Thompson,* 20 id. 199; *Kettering* v. *City of Jacksonville,* 50 id. 39; *Town of Geneva* v. *Lake,* 61 id. 397; *Village of Hyde Park* v. *Boyden,* 94 id. 26.

The remedy for an over-valuation is by an application to the assessor, and not to the courts, where there is no fraud. *Howe* v. *City of Boston,* 7 Cush. 273; *Osborn* v. *Danvers,* 6 Pick. 98; *Boston Water Co.* v. *Boston,* 9 Metc. 199; *Bank of Shawneetown* v. *Cook,* 77 Ill. 622; *Adsit* v. *Cook,* 76 id. 198.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding for the collection of an assessment for drainage purposes, commenced to the May term, 1881, of the Champaign county court, against the land of appellant.

On the 24th of December, 1879, William R. Sullivan and nineteen others filed with the town clerk of St. Joseph township a petition, addressed to him, representing themselves as a majority of the adult land owners of a proposed drainage district, described by metes and bounds. The steps required by the statute for the organization of drainage districts were

pursued and the district formed, the assessment made, and not having been paid, application was made to the county court for judgment, which was rendered for the sale of appellant's lands for payment of the assessment.

It is not claimed that any of the forms required by the statute for organizing such districts have been omitted. It is, however, sought to show that a number of the petitioners are not owners of lands, as required by the statute,—that if their names were rejected there would not be the number of petitioners required by the statute,—and the district was never organized as required by the statute, and the assessment was therefore unauthorized and void; that there is no such organization as the drainage district, and it is incapable of exercising corporate powers.

Even if the validity of the organization of a corporation could be attacked in a collateral proceeding, the rules of evidence do not permit the proof of the want of title to land by verbal testimony. The title to real estate is required to be in writing, under seal, and all know that the contents of such instruments can not be proved by verbal testimony unless the original is lost or destroyed. The best evidence must be produced, and secondary evidence can not be admitted unless the best is not attainable. Title, or the absence of title, can not be proved by verbal testimony so long as there is written evidence. Here there was an attempt to prove the want of title by persons that may be wholly unqualified to determine what constitutes title. In many cases the best land lawyers and most skillful conveyancers are perplexed to determine whether a title is or is not perfect. This illustrates the wisdom of the law in requiring the evidence of title to rest in writing, and all questions as to the validity of the title to be determined by courts when contested, and not by persons unskilled as to what constitutes title. Men would be insecure in their possessions if their title depended on the opinions of their neighbors, whether educated or illiterate. The rules of

evidence were violated in this case by admitting the mere opinions of witnesses to prove title in this case. This is the general rule, and it was not complied with, nor was there any effort to bring the case within any exception to that rule.

But aside from all of this there is an absolute want of power in the court to hear evidence in a collateral proceeding like this, for the purpose of determining whether a corporation is legally organized. That can only be done by *quo warranto*, which is a direct proceeding to determine its validity. This, from the nature of things, must be so, otherwise no question could ever be adjudicated. Every proceeding before tribunals and officers, if permitted, would lead to an inquiry whether they were legally acting. If it were permitted, in every suit before all courts, from the highest to the lowest, the defendant might question the election of the judge and enter into a contest of his election. In all suits by the State its organization might be reviewed and decided. In suits by counties it might be claimed that the law authorizing their organization had not been complied with, and efforts made to show a want of compliance with the law. It would lead to an inquiry whether the territory comprising a county had the requisite population to organize; whether the proper notices for elections had been given, and other statutory requirements performed; and the same would follow as to every municipal corporation, and the election of every officer, before his acts would be regarded as legal. If this was allowed, in every constitutional question for determination, the courts would, if insisted upon, be compelled to hear evidence and determine whether all of the required steps were taken in calling the convention that framed it, or in giving notice and conducting the election that adopted it, and canvass the vote, purge the polls, and recount the votes, to determine whether all of the requirements of the law were satisfied. Thus it is seen that the highest considerations of public

policy forbid the inquiry whether a corporation is legally organized in any but a direct proceeding.

It is true that the plea of *nul tiel corporation* is a proper plea, when a suit is brought by a corporate body, when it is denied there is such a body. But under that plea it is overcome when the corporation proves it is known and transacts business under that name. That plea does not question the legality of its organization, and require it to prove the same facts it would be required to do in a proceeding by *quo warranto.* Whether it is a corporation *de facto* or *de jure,* does not matter when it sues to enforce a right.

The legality of the assessment not being otherwise questioned, and the questions urged having no force, the judgment of the court below is affirmed.

*Judgment affirmed.*