## Walker Paint Co. v. Ruggles.

1. *Proof of Corporate Existence.*—It is error to instruct the jury that before the plaintiff, a corporation, could recover, it was necessary to produce its charter, showing its authority to exercise the powers of a corporation, when it was shown by the proofs that the defendant had repeatedly recognized the corporate existence of the plaintiff, in reference to the transaction in question.

**Memorandum.**—Assumpsit for balance due on account. Appeal from a judgment for the defendant rendered by the County Court of Cass County; the Hon. HENRY PHILLIPS, County Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

The opinion of the court states the facts.

Instruction referred to in the opinion of the court:

The court instructs the jury, for the defendant, that before they can find that plaintiff is a corporation, the plaintiff must produce its charter, showing its authority to exercise its powers and privileges as a corporation; and unless this appears from the evidence, the jury must find for the defendant.

### APPELLANT'S BRIEF.

Before justices and on appeal from their judgments, pleadings are *ore tenus*, but the plaintiff must state his cause of action and the defendant his defense, before the trial entered upon. Bates v. Bulkley, 2 Gilm. 389; Webb v. Lasater, 4 Scam. 543; Brookbank v. Smith, 2 Scam. 78; Bedell v. Janney, 4 Gilm. 193.

The primary object of pleading is to give the adversary notice of what he will be called upon to meet at the trial. Quincy Coal Co. v. Hood, 77 Ill. 68.

*Nul tiel* corporation must be specially pleaded. McIntire v. Preston, 5 Gilm. 48; Spangle v. Ind. & Ill. Cent. R. R. Co., 21 Ill. 276.

The object of a special plea is that all material facts constituting the defense shall be clearly and distinctly stated, so as to inform the adversary of what he has to meet on the trial. Parks v. Holmes, 22 Ill. 522.

In a suit by a corporation, unless the existence of the corporation is put in issue by the pleadings, it is admitted. Enos v. Chestnut, 88 Ill. 590.

The plea of *nul tiel* corporation is overcome when the corporation proves that it is known and transacts business under the corporate name in which the suit is assumed to be brought. Whether it is a corporation *de facto* or *de jure* does not matter ·when it sues to enforce a right. Osborn v. The People, 103 Ill. 224.

The execution of a note, mortgage, etc., to a corporation, as such, is sufficient *prima facie* evidence of its existence, and no further proof thereof is necessary, until such proof is rebutted. Brown v. Scottish A. M. Co., 110 Ill. 235; Hudson v. Green Hill Sem., 113 Ill. 618.

A *de facto* corporation is established by showing the existence of a charter, under which a corporation with the powers assumed might lawfully be created, and user by the party to the suit. Miami Powder Co. v. Hotchkiss, 17 Brad. 622.

Whether pleaded in writing, in a court of record, or *ore tenus* before a justice, or on appeal therefrom, a claim of set-off is a cross-action, in respect to which the claimant becomes plaintiff and the opposite party defendant. Pettis v. Westlake, 3 Scam. 535; Kelly v. Garrett, 1 Gilm. 649; Mineral Point R. R. Co. v. Keep, 22 Ill. 9; Ellis v. Cothran, 117 Ill. 458. And the original plaintiff having been made defendant by the claim of set-off, can not dismiss his action of his own accord. City of East St. Louis v.

Thomas, 9 Brad. 412. Nor take a non-suit without consent of his defendant. Western Union Tel. Co. v. Horack, Id. 309.

I. H. STANLEY and E. L. McDONALD, attorneys for appellant.

### APPELLEE'S BRIEF.

This being a suit before a justice, all pleas are presumed to be pleaded, that is to say, the plea of *nul tiel corporation* was pleaded. "The defendant has a right to insist upon proof of all material facts necessary to a recovery, the same as if pleas were filed. It was necessary that the plaintiff should have proved its corporate existence." Town of Lewiston v. Proctor, 27 Ill. 416; Marsh v. Astoria Lodge, I. O. O. F., 27 Ill. 425.

In President, etc. v. Thompson, 20 Ill. 200, the court says that under this plea it is necessary to produce the charter and prove user. In Ramsey v. P., M. & F. Ins. Co., 55 Ill. 313, the court holds that a note given to a corporation can not be introduced in evidence until the charter has been produced, if the plea of *nul tiel corporation* is in. This case reviews the former decisions and affirms and approves McIntire v. Preston, 5 Gilm. 48.

A. A. LEEPER, attorney for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

This was a suit by the appellant against the appellee begun before a justice of the peace to recover a balance alleged to be due for goods sold.

The cause was removed by appeal to the County Court, where on a trial by jury the appellant was defeated. A motion for a new trial was overruled, and the record now comes by appeal to this court.

The appellant offered evidence tending to establish its demand against the appellee, but the court instructed the jury that before the plaintiff could recover, it was necessary

to produce its charter showing its authority to exercise the powers of a corporation; otherwise the jury should find for the defendant. No evidence was offered by the defendant, and it is manifest that the verdict was due to this instruction.

It was shown by the proof that defendant had in writing repeatedly recognized the corporate existence of the plaintiff in reference to the transaction in question.

A part of the bill, amounting to the balance sued for, he ordered by a letter addressed to the corporation. By a telegram and by another letter he urged the speedy shipment of the goods. By a subsequent letter he requested the plaintiff to draw on him for $65, and proposed to give his note for the balance of $65.

In a later letter he inclosed a draft for $65 and promised to remit the balance now in suit by the first of March next following; and by two letters written still later he stated his reason for wishing a discount, because of the unsatisfactory quality of the goods.

Having thus distinctly recognized the corporate capacity of the plaintiff, he has himself furnished sufficient evidence to overcome the plea of *nul tiel corporation*, if such a plea can be supposed to be interposed. Such recognition is in all respects equivalent in its evidential force to the giving of a note or mortgage, or a deed, to the corporation, which acts have often been held enough to meet and overcome that plea.

There was proof also that the plaintiff was acting as a corporation—that it used a corporate seal, and that it had a charter, though the contents thereof did not appear.

Under such a condition of the proof we think it was error to give the instruction referred to. Wood v. Kingston Coal Co., 48 Ill. 356; Osborn v. People, 103 Ill. 224; Brown v. Scottish A. M. Co., 110 Ill. 235; Hudson v. Green Hill Sem., 113 Ill. 618; Miami P. Co. v. Hotchkiss, 17 Brad. 622.

The judgment will be reversed and the cause remanded.