# Franz G. Spreyne v. Garfield Lodge No. 1 of the United Slavonian Benevolent Society.

## Gen. No. 11,842.

1. NUL TIEL CORPORATION—*effect of plea of.* Where the plaintiff sues as a corporation and a plea denying its corporate existence is interposed, such plaintiff must prove its corporate existence.

2. CORPORATE EXISTENCE—*when estoppel to deny, arises.* Where one deals with a corporation in such manner as to recognize its existence, and thereby causes it to change its condition to its detriment, an estoppel arises to deny, as against it, that it has been lawfully organized.

3. CORPORATE EXISTENCE—*what admission of.* Where a principal

in a bond is, upon the faith thereof, entrusted with money of the obligee, neither himself nor his surety can question the corporate existence of such obligee, where such bond recites the fact that the obligee is incorporated.

4. CORPORATE EXISTENCE—*when charter does not tend to prove.* A charter granted to "The United Slavonians Benevolent Society," does not tend to prove the corporate existence of "Garfield Lodge No. 1 of the United Slavonian Benevolent Society:"

5. OFFICIAL CAPACITY—*when surety estopped to deny.* Where a bond recites that the principal thereof is the treasurer of the obligee, and the same is given to secure the faithful performance of the duties of such principal, the surety on such bond is estopped to deny that at the time of the execution and delivery of such bond such principal was not such treasurer.

6. TREASURER'S BOND—*what not defense to action by fraternal benefit society upon.* The fact that such society has failed to file annual reports pursuant to the statute "requiring corporations to make annual reports to the secretary of state, and providing for the cancellation of articles of incorporation for failure to do so," is no defense to an action by the society upon such bond.

Action of debt upon bond. Appeal from the Circuit Court of Cook County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed November 29, 1904. Rehearing denied January 20, 1905.

**Statement by the Court.** Appellee, suing as a corporation, recovered judgment for $431.74 against appellant in an action of debt upon a bond executed by Vido Marich as principal, and appellant and one Pfeifer as sureties, for the faithful performance by Marich of his duties as treasurer of appellee. Marich, after having in his official capacity received divers moneys of appellee, defaulted in the amount recovered.

To the declaration appellant pleaded *nul tiel* corporation and the cause was tried upon that issue.

FUNK & HUMPHREY, for appellant.

WINSTON, PAYNE & STRAWN, for appellee.

MR. PRESIDING JUSTICE STEIN delivered the opinion of the court.

First. That where the plaintiff sues as a corporation and

a plea denying its corporate existence is interposed, it must prove the same has been held so often as to dispense with any citation of authorities. But it is equally well settled that one who deals with a corporation in such manner as to recognize its existence, and thereby causes it to change its condition to its detriment, is estopped from denying as against it that it has been legally organized. He is not permitted to allege any defect in its organization, as affecting its capacity to sue. Ramsey v. Ins. Co., 55 Ill. 311; Lombard v. Sinai Congregation, 64 Ill. 477; Baker v. Neff, 73 Ind. 68; Bigelow on Estoppel, 5th ed., 460–464.

The bond sued on recites that the signers "are held and firmly bound unto Garfield Lodge No. 1, U. S. B. S. (incorporated and duly chartered under the laws of this state) of Chicago, in the county of Cook and State of Illinois, in the sum of two thousand dollars." This is an admission under seal of the corporate existence of appellee. Wood v. Coal Co., 48 Ill. 356; Mitchell v. Deeds, 49 Ill. 416; Walker Paint Co. v. Ruggles, 48 Ill. App. 406. By reason of the execution of the bond and in reliance upon its provisions, appellee entrusted its moneys to Marich, the principal in the bond, and the sureties cannot now be heard to say that their deliberate, solemn admission is false. They are estopped. See authorities first above cited; also Meyer v. Wiltshire, 92 Ill. 395; Green v. Wardwell, 17 Ill. 278; Allbee v. People, 22 Ill. 533; Ramsay v. People, 197 Ill. 572; Brandt on Suretyship, vol. 1, sec. 42; vol. 2, sec. 642. It follows that the court ruled correctly in excluding proof to show that appellee had not been incorporated.

Second. We agree with appellant in his contention that the charter received in evidence of "The United Slavonians Benevolent Society" did not prove or tend to prove the corporate existence of appellee, and that it was error to receive the same. There is such difference between the two names that the rule of *idem sonans* does not apply. But the error was harmless. Had the charter not been received still the result would have been the same. Appellant had, by executing the bond, conclusively recognized appellee's legal existence and its capacity to sue.

Third.   According to the condition of the bond, which is
dated December 30, 1899, Marich was elected  treasurer of
appellee on the 21st of that month.   A witness testified,
however, that he was in point of fact elected in the follow-
ing month.   It is therefore argued that the bond is void as
having been signed and delivered before the election of
Marich.   No authorities are cited in support of the conten-
tion, and even if the same were sound (which we do not
think it is,) appellant is estopped by the recital in the bond
from maintaining that Marich was not treasurer when it
went into effect.   See authorities last cited.

Fourth.   It is further assigned as error that the court
did not permit appellant to show the failure of appellee to
file annual reports in pursuance of the act of the legislature
" requiring corporations to make annual report to the Sec-
retary of State, and providing for the cancellation of arti-
cles of incorporation for failure to do so." (4 S. & C. Ann.
Rev. Stat. 336.)   The ruling of the court was correct for
three reasons :   Assuming that its charter had been can-
celled, appellee had still the right to sue for debts owing it
it under section 10 of the General Incorporation Act.
Whether it had forfeited its charter was not a question
which appellant could raise.   Even had he the right, he
could not exercise it in this collateral proceeding.   Such
power rests in the State and in the State only.   Bushnell
v. Machine Co., 138 Ill. 67.   Furthermore, the failure of
appellee to file annual reports as required by the foregoing
act would not of itself work a forfeiture of its charter, but
is simply *prima facie* evidence of non-user which may be
availed of by the People in a proceeding to forfeit the char-
ter.   People v. Rose, 207 Ill. 352.

The judgment appealed from is affirmed.

*Affirmed.*