MARY SHANLEY *et al.*

*v.*

THE PEOPLE *ex rel.* John Goedtner, County Collector.

*Opinion filed February 21, 1907.*

1. DRAINAGE—*decision of commissioners that parties have connected drains can only be questioned by quo warranto.* The determination of drainage commissioners, under section 42 of the Farm Drainage act, that certain land owners outside of the district had connected their drains with those of the district and that their lands should therefore be added to the district and specially assessed, can be questioned only by a direct proceeding in *quo warranto.*

2. SAME—*what cannot be shown to defeat drainage assessment.* Upon application for judgment of sale for a drainage assessment levied upon lands added to the district by the drainage commissioners under section 42 of the Farm Drainage act, upon the ground the owners of the lands had connected their drains with those of the district, it cannot be shown, to defeat the assessment, that the land owners had not, in fact, connected with the drains of the district. (*Payson* v. *People*, 175 Ill. 267, explained.)

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

BROWNE & WILEY, for appellants.

JAMES J. CONWAY, and B. F. LINCOLN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a proceeding in the county court of LaSalle county to recover judgment and order of sale against the lands of the appellants for a special assessment levied by the commissioners of Union Drainage District No. 1 of the towns of Wallace and Waltham, in said county. The appellants appeared and filed objections to the rendition of judgment and order of sale on the ground that their lands had not been lawfully attached to said district, which objections were stricken from the files on the motion of the appellee and judgment and order of sale were rendered against appellants' lands, and they have prosecuted this appeal.

The said union drainage district was organized in 1898 under the Farm Drainage act, and in 1905 the commissioners of said district, after having examined the lands of the appellants with the assistance of an engineer, made an order attaching the lands of the appellants to the district, under the provisions of section 42 of the Farm Drainage act, on the ground that the appellants had connected the drains upon their lands with the ditches of the drainage district, and classified said lands and levied the assessment thereon sought to be collected by this proceeding.

The main question raised in the court below and upon this appeal is, had the appellants the right, upon the application for judgment and order of sale against their lands to satisfy said special assessment, to make proof that they had not connected the drains upon their lands with the ditches of the drainage district for the purpose of defeating said special assessment? We are of the opinion that ques-

tion must be answered in the negative. Under the provisions of said section 42 the commissioners of said drainage district were given authority to determine that question, and they having held that the appellants had connected the drains upon their lands with the ditches of the drainage district, and having attached said lands to the district, classified and assessed the same, their determination that the drains upon the lands of the appellants had been connected by the appellants with the ditches of the drainage district can only be reviewed in a direct proceeding by *quo warranto* and can not be reviewed in this proceeding, which proceeding is collateral to the proceeding before the drainage commissioners whereby said commissioners attached said lands to the said drainage district. *Osborn* v. *People,* 103 Ill. 224; *Blake* v. *People,* 109 id. 504; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *Evans* v. *Lewis,* 121 id. 478; *Bodman* v. *Lake Fork Special Drainage District,* 132 id. 439; *People* v. *Jones,* 137 id. 35; *People* v. *Dyer,* 205 id. 575.

In *Evans* v. *Lewis, supra,* which was a bill in equity to enjoin the collection of a special assessment levied by a drainage district upon lands which were attached to a drainage district by drainage commissioners under section 42 of the Farm Drainage act, it was held that the action of the drainage commissioners in attaching the lands of the complainants to the drainage district was to be regarded as the organization of the district so far as those lands were concerned, and whether the drainage commissioners proceeded according to the provisions of the drainage act in all particulars in attaching said lands to the district could not be raised by bill in equity, but that such question could only be raised by *quo warranto* proceedings. The court, on page 482 of the opinion, said: "If the boundaries of the district were not lawfully extended and the drainage commissioners undertake to exercise powers or franchises over or upon lands not lawfully within the bounds of the district, their right or authority to act as to these lands may be called in question

by *quo warranto;* but a bill to enjoin the collection of the assessment is not the proper remedy."

And in *People* v. *Jones, supra,* which was an application for judgment and order of sale to satisfy a special assessment levied by drainage commissioners upon lands attached to a drainage district under section 42 of the Farm Drainage act, the land owners sought to defeat the assessment by showing that their lands had been improperly attached to the district, and the trial court permitted proof to be made that the land owners had not connected their drains with the ditches of the district and refused judgment and order of sale, and on appeal to this court the judgment of the county court was reversed, and it was held that the question whether drainage commissioners have exceeded their powers in extending the boundaries of a drainage district by attaching additional lands to the district could not be raised on an application for judgment and order of sale against the lands so attached to pay an assessment, and that such question can only be raised by a direct proceeding, as by *quo warranto.* The court, in disposing of the question, on page 40, said : "The commissioners having ascertained that appellees, land owners outside of the district, had connected with the ditches of the district, adopted a resolution, in accordance with the section of the statute, annexing the lands of such owners to the district. The legality of the action of the commissioners is attempted to be called in question on this application for judgment against the lands by the county collector. This cannot be done. This court has held in a number of cases, that in a proceeding to collect a special assessment levied by a drainage district the organization of the district cannot be questioned collaterally but it can only be done in a direct proceeding.—*Osborn* v. *People,* 103 Ill. 224; *Evans* v. *Lewis,* 121 id. 478; *Bodman* v. *Drainage District,* 132 id. 439."

And in *People* v. *Dyer, supra,* which was also an application for judgment and order of sale, it was held that al-

though lands were illegally included in a drainage district the question of the legality of the organization of the district could not be raised upon the application for judgment and order of sale.

The force of these decisions is conceded by the appellants, but it is urged that the fact that the appellants had connected the drains upon their lands with the ditches of the drainage district was a prerequisite to the right of the drainage commissioners to attach said lands to the district,—in other words, that the fact of such connection was jurisdictional to the right of the drainage commissioners to attach said lands to the district,—and as they represented by their objections, and offered to prove upon the trial, in support thereof, that such connection was not in fact made, it was error to strike their objections from the files. While it is true the lands of the appellants could not legally be attached to the district unless the appellants had connected the drains upon their lands with the ditches of the district, and in that sense the connection of the drains of appellants with the ditches of the drainage district was jurisdictional, still the decision of the question whether the drains upon appellants' lands had been connected with the drains of the drainage district must necessarily be left to some body or tribunal before said lands could be attached to the drainage district and classified and assessed, and the power to determine that question having been conferred upon the drainage commissioners by the statute, and they having acted, their decision upon that question is final until it is overruled by some court or tribunal authorized to review such decision; and we have seen the review of that question must be had in a direct proceeding and cannot be had in this proceeding, which is collateral. It clearly is not correct to say, if the commissioners decided the question whether the appellants had connected the drains upon their lands with the ditches of the district one way, their action in attaching the lands of the appellants to the district was within their jurisdiction and valid, but if

they decided it the other way their action would be invalid for want of jurisdiction to act. The correctness of their decision upon a question upon which they are authorized to pass by the statute, when attacked collaterally, cannot be impeached for want of jurisdiction on the ground that they had made a mistake in determining that the drains upon the lands of the appellants had been connected with the ditches of the drainage district, when, as a matter of fact, such connection had not been made.

The appellants place great reliance upon the case of *Payson* v. *People,* 175 Ill. 267. In the *Dyer case, supra,* the *Payson case* was distinguished from the *Osborn case* and subsequent cases hereinbefore cited, and it was there pointed out that the holding in that case was based upon the want of service of notice provided for in the statute upon the property owner, and that the action of the court organizing the district without the service of such notice upon Payson was void as to him for want of jurisdiction over his person. No question of the service of notice arises in this case. It is conceded that Union Drainage District No. 1 of the towns of Wallace and Waltham was legally organized, and it appears that all the provisions of section 42 of the Farm Drainage act were complied with by the drainage commissioners in attaching the lands of appellants to the district and in classifying and assessing appellants' lands. In view of these facts we are of the opinion the appellants cannot try, in this proceeding, the question whether or not the drainage commissioners fell into error in holding that the drains on the lands of the appellants had been connected with the ditches of the drainage district. If the appellants desire to raise that question they should proceed by *quo warranto.*

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*