## The Patton & Gibson Company v. Shreve & Kelso.

1. CONTINUANCE—*diligence essential to, as matter of right.* The denial of a motion for a continuance because of the absence of a material witness, is not error, where a showing of diligence in seeking to obtain the attendance of such witness does not appear.

2. NUL TIEL CORPORATION—*what proof sufficient to meet plea of.* Held, that in this case that it was not necessary under a plea of nul tiel corporation for the plaintiff to show that it was a corporation *de jure* and that parol evidence that the plaintiff was known and transacted business as a corporation was proper and sufficient to meet the plea.

3. COMMON COUNTS—*when objection to right to recover under, comes too late.* It is too late first to object upon appeal that no recovery can be had under the proof because the common counts only had been filed.

Assumpsit. Appeal from the County Court of Macon county; the Hon. DONALD McCORMICK, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed June 1, 1907.

BLINN & COVEY, for appellant.

KING & MILLER, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant, The Patton & Gibson Company, contracted with the Chicago & Alton Railroad Company, to construct a portion of its roadbed between Springfield and Bloomington. The contract required the excavation of certain cuts, the filling of certain ditches and making certain fills in accordance with the plans and specifications and grade stakes prepared and set by the engineers of the railroad company.

A portion of the work to be performed by appellant under its contract was sub-let by it to appellees, Shreve & Kelso, under a proposition and acceptance, constituting a contract therefor, as follows:

"LINCOLN, ILLINOIS, October 7, 1905.
PATTON, GIBSON COMPANY,
                    Atlanta, Ill.

DEAR SIR:—We, the undersigned, Geo. W. Shreve and T. W. Kelso, herewith propose to do the team work you have between Lincoln and Sherman, based on a haul of 500 feet at 15 cents per cubic yard. Same to be completed by January 1st, 1906. Based on the work 8 teams would do. You pay us on or before the 15th of the month ninety per cent of the amount taken out the previous month. The balance or ten per cent to be retained until completion of the work.

                    Yours respectfully,
                              GEO. W. SHREVE.
                              T. W. KELSO.

Accepted,
        THE PATTON & GIBSON COMPANY,
                by J. R. PATTON."

A disagreement having arisen with reference to the quality and quantity of work done by appellees under their contract, they brought suit in *assumpsit* to recover from appellant the amount claimed to be due them, and were awarded a verdict and judgment against the appellant for $459.43.

It is first urged that the court erred in overruling

Patton & Gibson Co. v. Shreve & Kelso.

appellant's motion for a continuance, in support of which appellant filed an affidavit setting up the absence of a material witness. An examination of the record discloses that on March 12, 1906, the cause was set for trial by agreement of the parties for March 21st; that on the latter date, the cause was continued by agreement of the parties to March 30th; that on March 30th, there was a further continuance, by agreement, until April 2nd, on which day the cause came on for trial and the motion for continuance was interposed. The affidavit then filed in support of the motion sets up that the absent witness left the State of Illinois thirty days prior to April 2nd, and that until three days prior thereto it was supposed that said witness was still in the employ of the Chicago & Alton Railroad Company, and within the jurisdiction of the court. Clearly, the facts set forth in the affidavit, taken in connection with the state of the record involving the several settings of the case for trial and continuances by agreement of the parties, of which the court took judicial notice, did not show such diligence on the part of appellant as should have moved the court to grant the continuance.

To the common counts filed by appellees, appellant, among other pleas, filed a plea of *nul tiel* corporation upon which appellees joined issue. It is insisted that the incorporation of appellant could only be proved by introducing in evidence the articles of incorporation of appellant, or a certified copy thereof, and that parol evidence tending to show that appellant was a *de facto* corporation was improperly admitted. It was not necessary under such plea in this case for appellees to show that appellant was a corporation *de jure,* and parol evidence that appellant was known and transacted business as a corporation was proper, and sufficient to meet the plea. Osborn v. The People, 103 Ill. 224; Holt v. Tennent-Stribling Shoe Co., 69 Ill. App. 332; Walker Paint Co. v. Ruggles, 48 Ill. App 406.

It is next urged that the court improperly admitted the evidence of the witness Davy as to the number of cubic yards of material moved by appellees in performing their contract with appellant, because by the terms of the contract, the estimates of the amount of work done by appellees were to be made by the resident engineer of the Chicago & Alton Railroad Company, and such estimates were to be the basis of settlements between the parties. The written proposition and acceptance heretofore quoted, does not so state the contract, and it must be held to incorporate all the terms of the contract between the parties. The evidence was competent, and the weight to be given to it was a question for the jury.

It appears from the evidence that some of the dirt taken by appellees from a cut and which should have been carried by them to a fill was left upon the bank and thus became waste. There is evidence strongly tending to show that as to such waste dirt a settlement was had between the parties whereby the same was estimated at 200 cubic yards and deducted from appellees' pay roll. It is, however, insisted by appellant that no recovery can be had by appellees under the common counts unless it appears that the contract was fully executed and performed by them; that appellees cannot be heard to set up an excuse for the non-performance of the contract in the absence of an averment of such excuse in an appropriate declaration. Conceding this position of appellant to be correct, it manifestly raises the question for the first time on this appeal. Appellant interposed no objection to the evidence introduced on behalf of appellees tending to show an excuse for the non-performance of the contract, nor did it offer any instruction raising the question now urged.

Indeed, the second instruction given by the court at the instance of appellant expressly authorized the jury to allow to it a credit or deduction from the amount

due appellees for whatever it cost, as shown by the evidence, to put the dirt into the fill.

It is well settled that a party cannot shift his position on appeal and thus secure an advantage by raising a question not raised in the trial court.

A careful examination of the record discloses no error prejudicial to appellant, and the judgment will, therefore, be affirmed.

*Affirmed.*

The motion to tax costs of additional abstract to appellant will be denied.