W. A. Case and Son Mfg. Co. v. Norman et al., 211 Ill. App. 311.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1414*—*when finding of trial court not disturbed.* The finding of the trial court without a jury will not be disturbed where the evidence is conflicting, unless it is against the manifest weight of the evidence, and in considering the weight of the evidence the Appellate Court will consider the superior opportunity of the trial court in that it sees and hears the witnesses.

2. STREET RAILROADS, § 131*—*when shown that street car was not operated at negligent rate of speed.* In an action by the owner of an automobile for damages caused by a collision between the automobile and a street car at a street intersection, evidence *held* to sustain the trial court's findings that the street car was not operated at a negligent rate of speed.

3. TRIAL, § 91*—*when objection to testimony is insufficient.* An objection to testimony is not sufficient where after the trial judge had held the testimony competent counsel making the objection acquiesced, stating that it was probably part of the *res gestæ.*

---

# W. A. Case and Son Manufacturing Company, Appellee, v. C. Erwin Norman, trading as C. Erwin Norman and Company, and Mrs. William Patterson, Appellants.

## Gen. No. 23,628.

1. CORPORATIONS, § 51*—*when de facto corporate existence is shown prima facie.* On a plea of *nul tiel corporation,* interposed by defendant in an action on a note, evidence *held* sufficient prima facie to show the *de facto* corporate existence of the plaintiff.

2. CORPORATIONS, § 59*—*what estops person to claim corporation has not de facto existence.* Correspondence by a party dealing with a corporation in its corporate name, *held* to estop him from disputing liability on the ground that the corporation did not have a *de facto* existence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. A. Case and Son Mfg. Co. v. Norman et al., 211 Ill. App. 311.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

CLELAND, LEE & PHELPS, for appellants; LESTER E. LEE, of counsel.

HOYNE, O'CONNOR & IRWIN, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

Appellee brought suit upon a promissory note, which was made by Mrs. William Patterson, payable to and indorsed by C. Erwin Norman and Company, appellant, and delivered by the latter to appellee, and recovered judgment thereon against C. Erwin Norman and Company, upon a directed verdict in the sum of $1,000 and costs.

The appellant, having purchased certain merchandise from the appellee, indorsed and delivered, therefor, to the appellee the following promissory note:

"$961.00.   Chicago, Ill.   August 13, 1915.   Four (4) months after date I promise to pay to the order of C. Erwin Norman and Co., Nine Hundred, Sixty-one dollars, at 18 W. Kinzie St.   Value received with interest at —— per cent per annum.   Due 12/13/15.

                    (Signed)   Mrs. William Patterson."

The note was indorsed by appellant as follows: "C. Erwin Norman and Co. by C. Erwin Norman." On December 13, 1915, the note was presented. to the maker and payment demanded and refused and notice of protest duly sent to appellant. Suit was then brought on the note by the appellee, and the appellant pleaded *nul tiel corporation*. At the trial, evidence was introduced to the effect that the W. A. Case and Son Manufacturing Company was located at Buffalo, New York; that it had transacted business since January 1, 1914; that it had a set of officers; that it had a minute book in which minutes of corporate meetings were en-

tered; that it had adopted by-laws; that stockholders' meetings were held; that directors' meetings were held; that corporate officers were elected; that certificates of stock were issued; that for three years prior to the date of the note and subsequent thereto, the appellant did business with the appellee, using the corporate name of the latter; that appellant wrote a number of letters addressed to appellee in its corporate name, such as "Messrs. W. A. Case and Son Mfg. Co.," "Mr. J. P. Fell, Vice Pres. and Treas. W. A. Case and Son Mfg. Co.," "Mr. J. Robert Sutter, care of W. A. Case and Son Mfg. Co."; that in a letter of November 29, 1915, addressed by appellant to W. A. Case and Son Manufacturing Company, the former stated, referring to the note involved herein, "The Patterson note is perfectly good and will be paid," etc.

At the close of appellee's evidence—the defendant resting—the trial judge, upon motion of the appellee, directed a verdict upon the note in favor of the appellee and entered judgment thereon. This appeal is taken therefrom.

Counsel for appellant announce in their brief, "but one ground for reversal and that is that plaintiff failed, at any time, to prove the *de facto* corporate existence" of appellee, W. A. Case and Son Manufacturing Company. Having filed a plea of *nul tiel corporation,* appellant contends that the burden of proof was then upon the appellee, to prove affirmatively its corporate existence, and that to do so it should have proven the statute of the State in which it was organized—which, in this instance, was New York—and its incorporation under that law. Considering the evidence that was offered and which was uncontradicted, we are of the opinion that the trial judge was fully justified, under the circumstances, in presuming that all the formal requirements of incorporation had been complied with and that it was not necessary for the appellee in mak-

ing out a prima facie case to offer further evidence. *Concord Apartment House Co. v. Alaska Refrigerator Co.*, 78 Ill. App. 683; *Hudson v. Green Hill Seminary Corporation*, 113 Ill. 618; *Walker Paint Co. v. Ruggles*, 48 Ill. App. 408; *Holt v. Tennent-Stribling Shoe Co.*, 69 Ill. App. 332; *Spreyne v. Garfield Lodge No. 1*, 117 Ill. App. 254; *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co.*, 186 Ill. 156. It, however, is unnecessary to place this decision on the sole ground of proof of the existence of the appellee as a *de facto* corporation. A reasonable interpretation of the correspondence between appellee and appellant justifies the conclusion that the latter has obviously estopped himself from disputing liability to appellee in its corporate name. *Spreyne v. Garfield Lodge No. 1*, 117 Ill. App. 253; *Lombard v. Chicago Sinai Congregation*, 64 Ill. 477.

We are of the opinion (1) that the evidence offered as to the existence of the appellee as a corporation, (2) the evidence contained in the many letters written by appellant to appellee, in its corporate name, and (3) the fact that appellant delivered the note to the appellee as a payment for merchandise, constituted, all taken together, ample evidence justifying the judgment of the trial court.

Finding no error in the record the judgment is affirmed.

*Affirmed.*