(No. 40171.—

THE PEOPLE *ex rel.* Legislative Commission on Low Income Housing, Appellee, *vs.* RICHARD A. KEEFE *et al.,* Appellants.

*Opinion filed January 19, 1967.*

WILLIAM J. HURLEY and THOMAS W. McNAMARA, both of Chicago, (RAYMOND, MAYER, JENNER & BLOCK, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This direct appeal from an order of the circuit court of Cook County directing compliance with certain subpoenas issued by the Legislative Commission on Low Income Housing attacks the constitutional sufficiency of the subpoena provisions and the correctness of certain rulings of the circuit court in the subpoena enforcement proceeding instituted by the commission.

On August 17, 1965, the General Assembly created the Legislative Commission on Low Income Housing by House Bill 2035. Section 3 authorizes the commission to:

"(a) Collect, correlate, analyze and evaluate information relating to rental housing expenditures of recipients of public aid, the housing conditions under which public aid recipients live and the availability of additional low income or public housing for all citizens of Illinois in need thereof;

"(b) Investigate the feasibility, practicability and desirability of legislation which will improve programs for the housing of recipients of public aid and recommend such legislation as it deems appropriate."

Section 5 of the act provides that: "In the conduct of any investigation hereunder, the Commission may subpoena witnesses and issue subpoenas to require the production of books, records, papers and other documents relevant to the matter under inquiry.

"If any person refuses or neglects to appear and testify or to produce the relevant books, records, papers or other documents, the Commission may petition any Circuit Court for an order requiring the witness to attend and testify or to produce the documentary evidence. The Circuit Court

shall hear the petition and may enter an order requiring the witness to obey the subpoena. The Court may compel obedience to the order by attachment for contempt or in the same manner as production of evidence may be compelled before that court."

The commission is required to file its report by March 1, 1967, and the commission is terminated effective July 1, 1967.

On February 18, 1966, the commission issued subpoenas directing the defendants to appear before it and produce listed documents. The subpoenas stated that:

"The People of the State of Illinois, by and under authority of an 'Act creating a commission to study rental housing expenditures of recipients of public aid, the housing conditions under which recipients of public aid live and the availability of additional low income or public housing for all citizens of Illinois in need thereof, defining its powers and duties and making an appropriation therefor,' approved August 17, 1965, House Bill No. 2035, 74th General Assembly of the State of Illinois, do hereby command, all and singular excuses being set aside, that you be and appear before the Commission established by said Act at Room 2100, State of Illinois Building, 160 North La Salle Street in the City of Chicago, County of Cook, Illinois, on the 2d day of March 1966, at the hour of 12:01, P.M., and from day to day thereafter as you may be directed, then and there to give testimony and answer such questions as shall be put to you concerning matters and things pertinent to the investigation then to be conducted by the Commission pursuant to said Act.

"You Are Commanded Also to bring at said time and place the documents and other things requested by the list which is attached hereto and made a part hereof."

The subpoenas were personally served on February 20 and 21. While the lists attached to them varied, the one attached to defendant Keefe's will be used as an example:

"Contract to Purchase

Deed

Trust Agreement

Copies of Mortgage and Mortgage Note, Closing Statements and Title Escrow Documents

Monthly Statements of receipts and disbursements

Building Department Notice or Notices of Violations

Retained Copy of Schedule B of Individual Income Tax Return for Years 1963, 1964, 1965; or Retained Copy of Form 1964

Check Stubs

Bank Statements and Cancelled Checks For Years 1963, 1964, 1965

Rent Rolls

Leases, if any

Insurance Policies

Secondary Financing and Documents Reflecting Same Including But Not Limited To Federally Insured Loans

For all properties operated by, managed by, or owned by you, in which you have had during the years 1963, 1964, 1965, or now have public aid recipients including but not limited to the following properties commonly known as:

208 West Chestnut
1012 North Wells
1014–16 North Wells Street
201–09 West Hill ⎫
1048–52 North Wells ⎬ One Building
945 North Wells
947 North Wells
168 West Walton
166 West Walton
1148–54 North Wells
154 West Oak

153 West Hill
155–157 West Hill
205 West Oak
209 West Walton ⎤
920 North Wells ⎦ One Building
167 West Hill
169–73 West Hill
157 West Hill
162 West Oak
1111 North Wells
1113 North Wells
209 West Wendell
900–04 North La Salle

and such other documents as bear upon the acquisition of said property by its present owner and the manner in which title to same is held or through which title will be obtained."

When defendants failed to comply with the subpoenas, the Attorney General petitioned the circuit court of Cook County to order defendants to appear before the commission and produce the documents demanded. Defendants appeared specially and objected to the proceedings in their entirety. The court overruled their objections, granting leave to file a responsive pleading, and defendants then filed a motion to dismiss. Following its dismissal defendants sought and were given leave to amend. Thereafter defendants served notice upon the commission chairman to appear for a discovery deposition and requesting certain documents. When the chairman failed to appear defendants moved that his appearance be compelled or the enforcement petition dismissed. This motion was denied as was a motion to be allowed to file an answer to the petition, and the order requiring them to appear and attend before the commission with the required documents was then entered. It is from that order that this appeal is taken.

Of the several contentions made by defendants, it is, in

our opinion, necessary to consider only that relating to the reasonableness of the demand and challenging the lack of specificity in and unreasonable breadth of the list of documents, production of which is demanded. It is established law that a subpoena which is unreasonably broad in its demand and general in its terms constitutes an unreasonable search and seizure in violation of the State and Federal constitutions. (*People* v. *Allen,* 410 Ill. 508, 513, *cert.* den. 344 U.S. 815, 97 L. Ed. 635; *People* v. *Reynolds,* 350 Ill. 11, 19–20). One from whom the production of documents is demanded is required to choose between producing them or refusing to do so at the risk of being adjudged in contempt. In making his choice he ought not to be required to speculate as to which or what documents are required (*Scull* v. *Virginia,* 359 U.S. 344, 353, 3 L. Ed.2d 865; *Watkins* v. *United States,* 354 U.S. 178, 208–09, 1 L. Ed.2d 1273) but is entitled to a reasonably informative description of that which is sought. (*Deutch* v. *United States,* 367 U.S. 456, 467–68, 6 L. Ed.2d 963; *People* v. *Allen,* 410 Ill. 508, 513; *People* v. *Reynolds,* 350 Ill. 11, 19–20). Here the request is for various documents relating to described and undescribed properties which "have public aid recipients" therein, and we agree with defendants that such description is insufficient to enable them to determine with reasonable certainty that which is required to be produced. The phrase "public aid recipient" is, of itself, susceptible of numerous interpretations. It might be, as suggested by the State, limited to aid supplied by the State of Illinois, but it could include Federally-sponsored assistance or that supplied by a governmental agency smaller than the State. The demand is not limited to those properties in which defendants know public aid recipients to be present, and it is not apparent whether properties having therein public aid recipients other than lessees are included. Nor is the demand restricted to properties located within this State, and it is entirely possible that among the properties owned, man-

aged or controlled by defendants there may be some in other States. The Attorney General urges that these ambiguities and uncertainties are all properly resolvable by interpreting the subpoenas as requiring production only as to properties *known* by defendants to be inhabited by recipients of public aid from the *State of Illinois,* who are *themselves the lessees* of property within *this* State. The difficulty with this argument, however, is simply that the subpoenas themselves are not so limited. *Deutch* v. *United States,* 367 U.S. 456, 467–68; *Scull* v. *Virginia,* 359 U.S. 344, 353; *Watkins* v. *United States,* 354 U.S. 178, 208–09.

Substantial problems are also presented by the command to produce documents covering an unlimited period of time (monthly statements of receipts and expenditures, building department notices of violation, check stubs, rent rolls, *etc.*). While the demand for copies of income tax returns, bank statements and cancelled checks is limited to the preceding three-year period, the only time limitation upon the balance of the material is the original date upon which the defendants first entered into ownership, management or control, and the intervening period of time could well be measured in terms of decades. The State urges that changes in relationship between income and expenses, insurance and rental policies over the years could be a very significant factor in the commission's investigation; in our judgment, however, the demand upon one who owns, operates or manages property to produce the described records relating thereto covering a period of years unknown to the demanding agency and unlimited in its subpoena imposes a burden upon the owner, operator or manager which is patently unreasonable. *People* v. *Reynolds,* 350 Ill. 11, 19–20.

In our judgment the subpoenas are so lacking in specificity and so unreasonably broad as to violate constitutional standards, and the motion to dismiss the petition for their enforcement should have been allowed.

The order of the circuit court is accordingly reversed

and the cause remanded with directions to dismiss the enforcement petition.

*Reversed and remanded, with directions.*