HERITAGE HOUSE OF GLAMOUR, INC., Plaintiff-Appellant, v. THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS, Defendant-Appellee.

First District (2nd Division)   No. 88—824

Opinion filed February 7, 1989.

Cohen, Weisenburger & Challos, of Chicago (Martin J. Weisenburger, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Respicio F. Vazquez, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff brought this action seeking declaratory and injunctive relief from an administrative subpoena *duces tecum* issued by the defendant. The trial court granted summary judgment in favor of defendant and dismissed plaintiff's complaint with prejudice. Plaintiff

appeals, raising the following issues: (1) whether the subpoena *duces tecum* is overly broad; and (2) whether the trial court erred in granting summary judgment in favor of defendant.

On September 30, 1987, defendant issued an administrative subpoena, pursuant to section 3 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 263) to Lakeview Trust and Savings Bank (Lakeview) for its records concerning home improvement loans wherein Premier Heating and Air Conditioning, Inc., was the contractor, and any agreements between the bank and Premier regarding home improvement loans. In response, the bank informed defendant that it had no association with Premier but that it was in possession of loans purchased from plaintiff. (There is no explanation in the record as to why Lakeview responded to a subpoena for records on Premier with information on plaintiff.) Meanwhile, plaintiff filed a complaint for declaratory judgment as well as a motion to quash the subpoena. After hearing the motion to quash, the trial court gave leave to defendant to file an administrative subpoena seeking the "records" of plaintiff and plaintiff was given leave to file a motion to quash when that subpoena was issued.

On December 15, 1987, defendant issued an administrative subpoena *duces tecum* to Lakeview commanding production of the following:

> "All documents and papers concerning Home Improvement Loans purchased by Lake[v]iew Trust and Savings Bank from Heritage House of Glamour, Inc. from January 1, 1983 to present."

On December 30, 1987, the trial court denied plaintiff's amended motion to quash the subpoena and granted it leave to file an amended complaint. Pursuant to this order, plaintiff filed its amended complaint for declaratory and injunctive relief, requesting that the subpoena be declared null and void and that defendant be enjoined from enforcing the subpoena and from issuing any further subpoenas without leave of court. On February 2, 1988, this court denied plaintiff's application for leave to appeal the December 30 order pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308).

On March 1, 1988, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice. Plaintiff appeals from that order.

OPINION

Plaintiff argues that the subpoena is overly broad, as it fails to

give a "reasonably informative description" of the items sought. (*People ex rel. Legislative Commission on Low Income Housing v. Keefe* (1967), 36 Ill. 2d 460, 465, 223 N.E.2d 144.) It maintains that defendant should specify by name what records it wants.

In *Keefe*, the Illinois Attorney General issued a subpoena requesting "various documents relating to described and undescribed properties which 'have public aid recipients' therein." (36 Ill. 2d at 465.) The court held that the subpoena was "so lacking in specificity and so unreasonably broad as to violate constitutional standards," stating:

> "The phrase 'public aid recipient' is, of itself, susceptible of numerous interpretations. It might be, as suggested by the State, limited to aid supplied by the State of Illinois, but it could include Federally-sponsored assistance or that supplied by a governmental agency smaller than the State. The demand is not limited to those properties in which defendants know public aid recipients to be present, and it is not apparent whether properties having therein public aid recipients other than lessees are included. Nor is the demand restricted to properties located within this State, and it is entirely possible that among the properties owned, managed or controlled by defendants there may be some in other States." (36 Ill. 2d at 465-66.)

Plaintiff contends that there is nothing in the subpoena which forms the subject matter of this action which limits the inquiry to home improvement loans to Illinois residents and that therefore the subpoena is unclear, vague and overbroad.

Defendant responds that the purpose of its investigation is to uncover matters previously unknown to it which may or may not provide grounds for further action, and that since it cannot not know in advance what its investigation may produce, it can be required to provide only a "reasonably informative description" of what is required. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 298, 430 N.E.2d 1012.) Defendant further contends that its subpoena did provide such a description.

In *Scott*, the Association challenged sections 3 and 4 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1977, ch. 121½, pars. 263, 264), which authorize the Attorney General to investigate upon his belief that it is in the public interest to do so and to issue subpoenas, arguing that they violate the fourth amendment's prohibition on unreasonable searches and seizures. In upholding both sections the court stated:

"In testing the validity of an administrative subpoena, the appropriate considerations are: (1) the constitutionality of the statute, (2) whether the contemplated agency proceedings are included within the statutory authority, (3) the reasonableness of the demand, and (4) the relevance of the information sought. ***

The permissible scope of an administrative subpoena, and of any administrative demand for information or the production of documents, is measured by the relevance of the information sought to the problem under investigation." *Scott*, 88 Ill. 2d at 296-97.

■ Here, the subject matter requested is limited to home improvement loans between two specific parties for a definite period of time and the information sought is reasonably related to the determination of whether plaintiff is engaged in unfair or deceptive acts or practices. The trial court properly held that the subpoena is not overbroad.

Plaintiff also argues that the subpoena constitutes an impermissible constructive search. An administrative subpoena "may be so unreasonable in its demands, or so indefinite and general in its terms, as to go beyond the statutory purpose for which the inquiry was authorized and amount to a 'constructive search' " (*Scott*, 88 Ill. 2d at 296); however, as discussed previously, the subpoena was not overbroad and therefore it does not amount to a constructive search.

Plaintiff next contends that the trial court erred in granting summary judgment in favor of defendant, arguing that there is a question of fact as to whether the officers of Lakeview understood what items were sought by the subpoena. It emphasizes that defendant's motion was unverified and unsupported by an affidavit. In granting defendant's summary judgment motion, the trial court stated that the issue of the validity of the subpoena had already been decided and there was nothing more to resolve in a trial.

■ Defendant correctly argues that summary judgment is proper when the issue "is determinable solely as a matter of law" (*Smith v. Rengel* (1981), 97 Ill. App. 3d 204, 205, 442 N.E.2d 1146) and that no supporting affidavits are required. (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32.) Here, the only issue to be decided was one of law: the validity of the subpoena. There was no factual issue to be resolved at trial, and therefore the trial judge properly granted summary judgment in favor of defendant.

We note that defendant did not raise, either in the trial court or on appeal, the issue of plaintiff's standing to challenge a subpoena is-

340

sued to the bank; therefore, there is no need to address this issue.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.