HERBERT YOUNG *et al.* Appellants, *vs.* JOHN EBERSOHL *et al.* Appellees.

*Opinion filed December 21, 1927.*

1. EVIDENCE—*opinions of witnesses not competent to prove title.* Opinions of witnesses cannot be used to make proof of title to real estate, as the law requires that such questions be determined by the courts and not by persons unskilled as to what constitutes title, and title or absence of title cannot be proved by verbal testimony so long as there is written evidence.

2. HIGHWAYS—*parties seeking to enjoin issuance of road bonds have burden of proving that signers of election petition were not freeholders.* Parties seeking to enjoin the issuance of township road bonds have the burden of proving their allegation that the signers of the petition for the election authorizing the bonds were not freeholders, and complainants fail to sustain their burden of proof where the only evidence introduced is the testimony of an abstracter that he could find no record of freehold title, and of another witness that he could not, upon personal investigation, find such title in certain signers of the petition.

APPEAL from the Circuit Court of Jackson county; the Hon. A. L. SPILLER, Judge, presiding.

CHARLES E. FEIRICH, for appellants.

ISAAC K. LEVY, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Jackson county dismissing appellants' bill for want of equity. The bill was filed by certain land owners of DeSoto

328—18

township, in that county, to enjoin the town clerk, the treasurer of the road and bridge fund, and the commissioner of highways in that township, from issuing bonds or letting contracts for road construction work under or by reason of an election which was held in that township at the 1926 annual town election. The bill alleges that on or about the 15th day of March, 1926, there was filed with the town clerk of the town of DeSoto a petition requesting him to give notice that at the annual election a vote would be taken on the question, "Shall bonds for road purposes be issued to the amount of $25,000?" that the petition purported to be signed by one hundred and twelve freeholders, but that it was not, in fact, signed by one hundred freeholders but that twenty-two persons who signed the petition were not, at the time of signing the same, freeholders in the town of DeSoto. The bill then sets out the names of twenty-two persons who signed the petition and who it was alleged were not freeholders in the town, and avers that the clerk was not authorized to call the election as requested in the petition; that notwithstanding the insufficiency of the petition the election was called, and that a majority of the votes cast at that election were in favor of the proposition to issue bonds. By amendment to the bill it was averred that there were in the town of DeSoto at the time of filing said petition more than two hundred freeholders. Appellees answered the bill, denying the insufficiency of the petition or that the twenty-two persons named were not freeholders. A hearing was had before the court and a decree was entered dismissing the bill for want of equity, the court finding that at least one hundred freeholders of the town had signed the petition in question.

No reference is made either in the bill or the briefs of counsel to the sections of the statute under which the petition was filed and the election held, but that section is apparently 112 of the Road and Bridge act. (Smith's Stat. 1927, p. 2369.) It is therein provided: "On the petition

of one hundred of the freeholders of any town or district (or where there may be less than two hundred such freeholders, then a majority of them) to the town or district clerk requesting him, when giving notice of the time and place for holding the next annual town or road district election, to give notice that a vote will be taken at said annual election on the question 'Shall bonds for road purposes be issued to the amount of $. . . . . . ?' such clerk shall, when giving notice of the time and place for holding the next annual town or road district election, also give notice that a vote will be taken at said annual election on said question," etc.

It is conceded by appellants that the evidence showed that eight out of the twenty-two signers objected to were freeholders, but they contend that they proved that fourteen were not, making the number of signers to the petition therefore but ninety-eight, or less than one hundred, as required by law. Of these fourteen, eight were shown to have a homestead interest in lands in the township owned by their wives. O. W. Madden was shown to be in possession of land which he had conveyed to a loan company under an agreement that he was entitled to a re-conveyance when the loan was paid off. The only interest of Oscar Hampton was shown to be under an unrecorded cemetery deed. The interest of H. R. Claxton was also under an unrecorded cemetery deed and homestead interest in certain lands owned by his wife. This accounts for eleven out of the remaining fourteen alleged to be disqualified.

Appellants contend that the evidence shows that Edward Boucher, James Phillips, Edna South, Charles B. Cutrell and R. H. Hewlett owned no real estate and were not freeholders. Appellees reply that persons having homestead interests are freeholders under the law, as are those holding deeds to cemetery lots, and Madden, who had conveyed his land by deed which was in fact a mortgage.

Appellees argue that appellants have failed to sustain the burden of proving that signers of the petition were not freeholders. The only testimony offered on behalf of appellants to sustain their bill was that of Robert P. Martin, whose evidence was offered in chief, and Frank B. Dickie, a witness for appellees whom appellants recalled at the close of appellees' testimony. Martin testified that he was an abstracter; that he had been furnished with a copy of the names signed to the petition and had made an examination of those names in connection with the land records of Jackson county; that he had a typewritten list of the names of the twenty-two persons referred to in the bill as not qualified to sign such petition and that he found no record title in them. He stated on cross-examination that he did not know of his own knowledge whether any of those parties had real estate in the township of DeSoto except such as was shown by the records. This is the evidence of what, if any, title eleven of the fourteen signers had. The only evidence as to whether Boucher and Phillips were freeholders was that given by Martin and Dickie. Martin did not claim to have any personal knowledge on the subject and the signers themselves were not called. Dickie testified that after the bill for injunction was filed he made some investigation to find out who were freeholders; that from his investigation he could not find any kind of title in Hewlett or Cutrell; that as to Boucher, he found his wife owned the land and he lived on it with her, but witness did not go far enough to find out absolutely; that the result of his investigation was that the title was in his wife's name and he lived with her; that the same was true of Phillips; that as to South, the husband of Edna South, who had testified, he found out from South's testimony that he owned the land but that they did not live on it. It is also shown by the additional abstract filed by appellees that Dickie testified that after the bill for injunction was filed he was not in a position to make an investigation very

handily relative to the qualifications of the persons who
signed the petition because he was away from DeSoto, but
from his personal investigation he could not find title of
any kind in Hewlett and no direct title in Cutrell but that
he considered Boucher a freeholder.

The rule is, that in proving title the best evidence ob-
tainable must be produced. Secondary evidence cannot be
admitted unless better evidence is not obtainable. Title or
absence of title cannot be proved by verbal testimony so
long as there is written evidence. The law requires that
questions as to the validity of title be determined by courts
when contested and not by persons unskilled as to what con-
stitutes title. (*Osborn* v. *People,* 103 Ill. 224.) This is a
salutary rule. Ownership of property would be insecure if
title depended upon the opinions of individuals, whether
educated to understand titles or not. Opinions of witnesses
cannot be used to make such proof. Appellants do not show
that the witness Martin was in any way specially qualified
to pass on what constitutes title. Such is a matter which
at times confounds even lawyers. Eight of the signers who
Martin and Dickie thought had no title, or as to whom they
could find no evidence of title, are now conceded by appel-
lants to be freeholders. Such evidence as is here offered
to sustain the bill is not of sufficient reliability to become
the basis of a decree of court.

Appellants contend that those having homestead inter-
ests, owners of cemetery lots, or a mortgagor who has
given a deed to the property, are not freeholders under the
law, but it is apparent, without going into those questions,
that appellants have not sustained the burden cast upon them
to prove the allegations of their bill. Even if it were con-
ceded that out of the fourteen, the nine who had homestead
interests, the holder of a cemetery deed and the signer who
had given a deed as a mortgage to his property, being eleven
in number, were disqualified, it would still leave three of
the fourteen alleged invalid signatures as to which no suf-

ficient proof was made. Thirteen of the fourteen must be shown disqualified to bring the number below one hundred freeholders, as required by the law.

The testimony of Martin and Dickie as to Boucher and Phillips was, at most, purely a conclusion of the witnesses. Dickie's statement that he found some evidence of record title in their wives demonstrates that the best evidence of that fact, if it were a fact, was not brought out. It is readily seen that this testimony cannot be held sufficient to prove the issues in a case of this character. The hearing was before the chancellor, who is presumed to consider only competent testimony, and it seems clear that in finding that appellants had not proved their case he committed no error.

The circuit court did not err in dismissing the bill for want of equity, and the decree will be affirmed.

*Decree affirmed.*