William F. Meier, Appellant, v. Anele Pocius, a/k/a Anile Pocius, Individually, and d/b/a Castle Inn, and Robert Meier, Defendants.
Anele Pocius, a/k/a Anile Pocius, Individually, and d/b/a Castle Inn, Appellee.

Gen. No. 47,281.

First District, First Division.

April 28, 1958.

Released for publication May 28, 1958.

Sherman Bennet Lans, of Chicago (Gerald M. Chapman, of counsel) for plaintiff-appellant.

McKinley and Price, of Chicago (Paul E. Price, Louis Dennen, of counsel) for defendant-appellee.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This suit was brought by William F. Meier against his brother Robert Meier and Anele Pocius, doing business as Castle Inn, to recover damages for personal injuries sustained when an automobile driven by Robert Meier plunged into a culvert and injured plaintiff who was a passenger therein. The complaint charges that the accident was due to the negligence of Robert Meier, who was intoxicated at the time as a result, in whole or in part, of the sale to him of intoxicating liquor by the defendant Anele Pocius. The court sustained a motion for summary judgment in favor of defendant Pocius and dismissed the suit as to her. The order contains the provision that no just cause exists to delay the enforcement of an appeal therefrom in accordance with the provisions of the Civil Practice Act, and the appeal is taken from that order.

The basis of the order is that plaintiff made admissions which exonerated defendant Pocius from any liability under the Dramshop Act. Defendant Pocius attached to her affidavit in support of her motion for summary judgment the deposition of the plaintiff which had previously been taken in connection with this case. In that deposition plaintiff stated that he was thirty years old; that on the night of the accident, Sunday, April 25, 1955, his brother came to his home about 8:00 or 9:00 p.m.; that they went to several places of amusement and had nothing to drink until about 11:30 or 12:00 o'clock. They then went to a tavern where plaintiff had a small bottle of beer and his

333

brother had a highball. They left that tavern and went to the tavern owned by defendant Pocius, which they reached about 12:30 a.m., Monday. Plaintiff had four or five small bottles of beer and his brother had four or five highballs. Plaintiff paid for some of the drinks and his brother paid for some. Plaintiff then testified as follows: "I don't know how many rounds my brother paid for. I don't know how much money I had when I came in there. I am not in the habit of counting my money . . . There is no question but what some of the drinks were bought by me for my brother. My brother bought drinks for me and him but I don't know how many." They left there about 2:00 a.m. "To my knowledge my brother was feeling all right. As far as I know he was sober. When we left both my brother and I were sober. There was nothing wrong with me or my brother as far as I knew. I was talking with him all night or all morning there in the tavern and he understood what I was talking about . . . There was nothing wrong when he started to drive out of the parking lot. We only went about 30 feet and we were in the ditch. I did not know they were digging a ditch over there. I did not see the ditch when I came in the tavern in the first place. *They did not have any lanterns there or anything.*" (Emphasis ours.)

In the counter-affidavit which plaintiff filed, there was no denial of his participation in the drinking nor did he deny that his brother was sober. He merely recalls and seeks to prove that he did not have money enough to buy drinks. It has been repeatedly held that a plaintiff who participates in bringing about the intoxication of another may not recover under the Dramshop Act. Douglas v. Athens Market Corp., 320 Ill. App. 40; Forsberg v. Around Town Club, Inc., 316 Ill. App. 661; Kreps v. D'Agostine, 329 Ill. App. 190; James v. Wicker, 309 Ill. App. 397; Reget v. Bell, 77 Ill. 593; People v. Linck, 71 Ill. App. 358. Participation does

not, in our opinion, necessarily mean that the plaintiff must supply the liquor. If, as in the instant case, he embarks with another on a tour of taverns and joins in the drinking of liquor, he cannot under the Dramshop Act recover because of the alleged intoxication of his companion.

■ There was no triable question of fact before the court either as to the intoxication of plaintiff's brother or, if we assume that his brother was intoxicated, as to plaintiff's complicity in his brother's consumption of liquor. Plaintiff having sworn, deliberately and repeatedly, that neither he nor his brother was drunk and that he had bought drinks for his brother, should not now be invited to commit perjury and change his testimony upon the trial of the case or so reconstruct it as to avoid the consequence of his deposition. Under the statute, pretrial depositions may be used as an admission made by a party in the same manner and to the same extent as other admissions. (Ill. Rev. Stat., 1957, Ch. 110, Sec. 101.19—10 (Supreme Ct. Rule 19—10).)

Judgment affirmed.

McCORMICK and ROBSON, JJ., concur.