Sammie Burnley, Plaintiff-Appellant, v. Mary Alice Moore and Glover Moore d/b/a Glover's Caribbean Lounge, and Leoza Walton d/b/a 154 Cocktail Lounge, Defendants-Appellees.

**Gen. No. 48,561.**

First District, First Division.

April 29, 1963.

 █

Neal and Neal, of Chicago, for appellant.

Heineke, Conklin & Schrader, for Mary Alice Moore and Glover Moore, and Brody & Gore, for Leoza Walton, all of Chicago (Paul H. Heineke, Andrew H. Marsch and Robert L. Brody, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff's statement of claim was for a cause of action arising under the Dram Shop Act * for injuries sustained at the hands of an intoxicated person to whom defendant tavern operators had served liquor. Defendants denied liability, and moved for summary judgment. In support of this motion, defendants submitted the discovery deposition of plaintiff, her answers to written interrogatories, and her answers to a request for admission of facts, all of which were verified. Plaintiff filed her own counteraffidavit. Defendants' motion was allowed, and judgment was entered in their favor. Plaintiff has appealed.

Two propositions of law (one advanced by each side) are conceded by all parties, and are so well established as to require no citation of authorities. They are: (1) summary judgment should not be entered if the documents on file show that there is a genuine issue as to a material fact; and (2) the Dram Shop Act provides a remedy only for an "innocent suitor" and does not create a cause of action for one who is an active and willing agent in procuring the intoxication of the

_____

* Ill Rev Stats, c 43, § 135.

157

assailant. Our task, therefore, is to determine from the record whether either or both of these propositions is appropriately applied to the facts of this case.

The occurrence in question took place on October 26, 1957, and the most complete recitation of facts in regard thereto is found in plaintiff's discovery deposition which was taken on June 18, 1958. From her testimony it appears that plaintiff was a barmaid in the Caribbean Lounge, a tavern operated by defendants Moore. She was the only employee working there that day between the hours of 1:00 p. m. and 9:00 p. m. One Samuel Chappell came in about 3:00 p. m. and was "in and out" the rest of the time plaintiff was on duty. She observed him drinking with friends in the tavern. Chappell did not pay plaintiff for any of the drinks which she served to the group throughout the day, but she saw that he had a glass and was drinking with the others. No one but plaintiff was serving drinks in the tavern, and she served "about four" half-pints of brandy, together with setups, to the party in which Chappell was a participant. Although plaintiff did not serve drinks directly to Chappell, he was drinking liquor which she served to his group.* Plaintiff was replaced by another barmaid at 9:00 p. m., who thereafter was seen by plaintiff to serve at least two more drinks to Chappell. During that time plaintiff sat in the tavern with a friend, and she, herself, had "a couple" of drinks. As plaintiff was leaving the tavern at about 10:30 p. m., Chappell stabbed her without provocation.

After having testified as above set forth, plaintiff was again asked at her deposition whether the liquor which she had seen Chappell drinking was brandy which plaintiff had served. She replied that she

---

* On the basis of what she had been told by a friend, plaintiff testified that Chappell had also had drinks in the course of the day at a nearby tavern operated by defendant Walton.

158

■

didn't know where he got it, but that she had served some customers some brandy. Then followed this question and answer:

Q. But it had to be liquor that you sold, is that correct?

A. Quite natural. There was nobody working but me.

The next document, chronologically, in support of defendants' motion was plaintiff's amended answer to interrogatories filed November 12, 1958. There she stated under oath that she had observed Chappell "drinking for a period of about seven hours off and on"; that he "was drinking beer and liquor, and from her observation he was intoxicated"; and that he consumed the liquor between 1:00 p. m. and 10:00 p. m. on defendants' premises.

Subsequently, on December 19, 1958, plaintiff filed verified answers to defendants' request for admissions in which she admitted that she was the only person selling liquor at defendant Moores' tavern between the hours of 1:00 p. m. and 9:00 p. m. on the date in question; that Chappell was present there at various intervals during that period of time drinking alcoholic beverages which were purchased from plaintiff in her capacity as a barmaid.

■ We believe that the facts above outlined demonstrate that plaintiff was an active and willing agent in bringing about the intoxication of her assailant. (Krotzer v. Drinka, 344 Ill App 256, 100 NE2d 518.)

■ To avoid the consequences of the principle set forth in the long line of "complicity" cases, plaintiff relies on the fact that she did not serve Chappell direct but had only served the drinks to others who gave them to Chappell. This, in our opinion, is a distinction which affects only the degree or extent and not the character of her participation, and, therefore,

159

fails to bring her within the classification of an "innocent suitor." (Bell v. Poindexter, 336 Ill App 541, 544–545, 84 NE2d 646; Bennett v. Auditorium Bldg. Corp., 299 Ill App 139, 19 NE2d 626. See also reference to Bell in Stinson v. Edlen, 27 Ill App2d 425, 428–429, 169 NE2d 682.)

Our conclusion, based on the foregoing, is that the trial court was correct in holding that the facts showed plaintiff not to have a cause of action. One question remains, however, and that is whether the counteraffidavit filed by plaintiff at a later date (May 5, 1959) served to place in issue material facts which had previously been removed from contention by her admissions in the documents referred to above. In this counteraffidavit plaintiff stated that she did not serve any liquor to Chappell or to any other person with whom he was drinking at any time while he was in the tavern. The variance between this statement as to a material fact, and her earlier repeated, deliberate and unequivocal statements under oath (including her formal, judicial admission of facts) is completely without explanation. We cannot, under the circumstances, permit such a document to be relied upon as raising a genuine issue of fact. (Meier v Pocius, 17 Ill App2d 332, 335, 150 NE2d 215.)

The trial court's summary judgment in favor of defendants is affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.