Clory May Hurley and Betty Lee Maxwell, Plaintiffs-Appellants, v. Cyprian Phillips, d/b/a Zips Liquors, Defendant-Appellee.

### Gen. No. 49,857.

First District, Third Division.
December 31, 1964.

Marvin A. Marder and Harold A. Liebenson, of Chicago (Harold A. Liebenson and Marvin A. Marder, of counsel), for appellants.

Heineke, Conklin & Schrader, of Chicago (William H. Schrader and Edwin A. Strugala, of counsel), for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on a verdict directed by the court in favor of defendant in a dramshop case. The issue involved is whether the principle of judicial admission may be applied against plaintiffs.

Plaintiffs were passengers in an automobile driven by one Burdell Cody. An accident occurred as the result of Cody's driving the car into the concrete abutment of a viaduct, and plaintiffs were injured. They sued Cody, the Chicago Transit Authority, and Cyprian Phillips, the appellee. The suit was dismissed as to Cody and the C.T.A.

Plaintiffs, who are sisters, worked for Swift and Company. After they finished working on November 10, 1955, they went to Zips Tavern at 4107 South Ashland Avenue, Chicago, Illinois, a place commonly patronized by Swift and Company employees. Cody, Max Hunter and Clyde Mitchell, all fellow employees of the plaintiffs, were in the tavern. After staying there about an hour and a half, the plaintiffs left and on the invitation of Cody, got into his car. Cody proceeded to drive from the rear of the tavern to Ashland Avenue and then north to 41st Street, where he stopped for a red light. His car was in the inside lane. While he was waiting for the light to change, a CTA bus drove up, discharged and took on passengers. When the light changed to green, the car proceeded north on Ashland Avenue and the bus followed. Ashland Avenue, a half block north of 41st Street passes under a viaduct and the street narrows

between concrete abutments which support the viaduct. One of the plaintiffs said "Watch out for the bus," and Cody allegedly looked in the direction of the bus and then swerved his car left into the concrete abutment.

There is a sharp conflict in the evidence as to whether Cody was intoxicated. Several witnesses who had been in the tavern with him testified that he was intoxicated, and there is no doubt that their testimony made a case sufficient to go to the jury. The plaintiffs, however, testified that Cody was sober. Plaintiff Betty Lee Maxwell testified on cross-examination that: "When I walked out with Cody there didn't seem like anything was wrong with him. He seemed all right to me. To me he was sober." Plaintiff Clory Mae Hurley testified on cross-examination: "When I talked to him [Burdell Cody in the tavern] he spoke plainly. When we got in the car as far as I know he drove all right. He drove up to the stop light and stopped. He made a smooth start away from the stop light. I can't remember if it was jerky or anything of the nature of it. I don't remember a jerk or nothing like this. Nothing that Mr. Cody did that afternoon indicated to me that he was anything but sober."

The question as to whether judicial admissions of material facts contained in a party's case constitute surrender of the party's position in the case is not clear. An excellent exposition of this doctrine is contained in McCormack v. Haan, 23 Ill App2d 87, 161 NE2d 599, at p 95:

"If a party testifies deliberately to a concrete fact within his peculiar knowledge, not a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, recent Illinois decisions hold that

388

his adversary is entitled to hold him to it as an informal judicial admission. The court may permit him to withdraw upon reasonable explanation of it as due to a mistake, or may allow him to have the benefit of other evidence explaining it as a mistake. However, in the absence of withdrawal, modification or explanation, such a party cannot have the benefit of other evidence tending to falsify it. Huber v. Black & White Cab Co., 18 Ill App2d 186; Tennes v. Tennes, 320 Ill App 19; Annotation, 169 ALR 798; Wigmore on Evidence (3rd Ed) Sec 2594a."

The doctrine was applied by the Appellate Court in that case, but the Supreme Court reversed (20 Ill2d 75, 169 NE2d 239). The court said, at p 78:

"Of course a party may, by his own testimony, conclusively bar his claim or his defense. But a determination that he has done so depends upon an evaluation of all of his testimony, and not just a part of it. It depends, too, upon an appraisal of his testimony in the light of the testimony of the other witnesses and a consideration of their respective opportunities to observe the facts about which they testify. McCormick on Evidence, pp 513–516; 9 Wigmore on Evidence, 3rd Ed, sec 2594(a)."

These are the last and most pertinent expressions of this doctrine as applied to the instant case. What does or does not constitute judicial admission, therefore, is a matter of case by case consideration. We must take into account that drunkenness is a conclusion drawn from the observation by witnesses of those behavior factors commonly associated therewith. We must also take into account the testimony of other witnesses and their opportunity to observe

the facts. We cannot say that this is a proper case for the application of the doctrine.

There is no doubt that plaintiffs in the instant case had an opportunity to observe the driver of the car when they were in the tavern. The testimony, however, of other witnesses who were also in the tavern and observed the driver is that he drank considerably and became intoxicated. Hence the doctrine of judicial admission cannot be applied.

Defendants have cited Meier v. Pocius, 17 Ill App2d 332, 150 NE2d 215. That was a suit against an automobile driver and a tavern owner for injuries sustained by a passenger in the automobile when it plunged into a culvert. A summary judgment was affirmed on appeal, where it was held that the passenger, who in a deposition deliberately and repeatedly said that neither he nor the driver was drunk and that he bought drinks for the driver, was not entitled to change his testimony upon trial to prove that he did not have money enough to buy drinks, so as to avoid the charge of complicity. Whether he had the money with him was a precise fact, not a conclusion derived from observation.

Burnley v. Moore, 41 Ill App2d 156, 190 NE2d 141, also cited by defendants, is similar to Meier v. Pocius, supra. The court held that the testimony of the plaintiff barmaid, who said in a deposition that she helped serve drinks to the group which included her intoxicated assailant, cannot defeat the motion for summary judgment, even though she filed a counter-affidavit to the motion for summary judgment, stating that she did not serve drinks. Both of these cases were decided on motions for summary judgment and not on a directed verdict.

Since there is. ample testimony in the instant case to require the submission of the case to the jury,

the judgment must be reversed and the cause remanded.

■ One other aspect of this matter deserves consideration. Plaintiffs' attorney in his brief makes wholly unjustified comments about the trial judge. They have no relevance to the questions involved in this appeal. Moreover, the issue was not by any means as simple and as certain as counsel for plaintiffs would have it appear. This court gave long and serious consideration to this matter before deciding to reverse the judgment. The conduct of plaintiffs' attorney cannot be excused on the basis of zeal for his clients' cause when we consider that it is their testimony which has made this case one of doubtful validity. As moved by counsel for defendant, the comments referred to and contained in plaintiffs' brief with respect to the trial judge are stricken from the brief.

The judgment is reversed and the cause is remanded.

Judgment reversed and cause remanded.

DEMPSEY and SULLIVAN, JJ., concur.