**Frank J. VLCEK and Lydia Vlcek, Plaintiffs-Appellants,**

v.

**NORTHWESTERN MUTUAL INSURANCE COMPANY, a corporation, Defendant-Appellee.**

**No. 17542.**

United States Court of Appeals Seventh Circuit.

Jan. 5, 1970.

Irving Goodman, Chicago, Ill., Carl O. Bue, Elmhurst, Ill., for appellants.

Fredric H. Stafford, James T. Ferrini, William J. Schafle, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendant-appellee; James T. Ferrini, William J. Schafle, Chicago, Ill., of counsel.

Before CASTLE, Chief Circuit Judge, SWYGERT, Circuit Judge, and GORDON, District Judge.[1]

PER CURIAM.

The plaintiffs, owners of a home which was destroyed by fire, brought suit against their fire insurance carrier, Northwestern Mutual Insurance Company. The defendant moved for summary judgment on the ground that the plaintiffs had given statements to an insurance adjuster admitting that they had set fire to their house. The summary judgment was granted.

In affidavits filed in opposition to the motion for summary judgment, the plaintiffs deny making the statements attributed to them, and in the alternative, contend that if they did make the statements, they did so under duress. Thus we are presented with the question of whether these later sworn statements are sufficient to create an issue of fact.

1. Judge Myron L. Gordon is sitting by designation from the district court for the Eastern District of Wisconsin.

See Greenebaum Mortgage Company v. Town and Garden Associates, 385 F.2d 347 (7th Cir. 1967).

The defendant relies on Burnley v. Moore, 41 Ill.App.2d 156, 190 N.E.2d 141 (1963) and Meirer v. Pocius, 17 Ill. App.2d 332, 150 N.E.2d 215 (1958). In those cases the court concluded that there was no issue of fact which would block the granting of summary judgment even though an attempt was made to repudiate an earlier statement under oath. In the case at bar, however, there is no indication that the initial statements made by the Vlceks were made under oath. We believe that an issue of fact has been created by the Vlceks' repudiation of the earlier statements attributed to them.

The judgment of the district court is reversed and the case is remanded for further proceedings.