MABEL J. FOUNTAINE, Plaintiff-Appellant, *v.* MARION HADLOCK, Defendant-Appellee.

(No. 53077;

First District—March 18, 1971.

Gordon & Brustin, of Chicago, (Robert E. Gordon, of counsel,) for appellant.

Beverly & Pause, of Chicago, (John J. O'Malley, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff, a lessee, brought this action to recover for personal injuries sustained in a fall on the rear staircase of an apartment building owned by defendant Mrs. Marion Harlock. Defendant moved for summary

judgment pursuant to Section 57 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 57.) Section 57 provides that the moving party is entitled to judgment as a matter of law if the pleadings, depositions and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact. Defendant's motion was based on the pleadings, plaintiff's deposition and two photographic exhibits of the staircase. Four counter-affidavits were filed by plaintiff. The trial court allowed the motion and judgment was entered for the defendant. The sole issue is whether there was a genuine issue of material fact to be tried.

The premises involved is a two-story building containing one apartment on each floor. Plaintiff and her husband lived on the first floor and the defendant occupied the second floor. On the morning of November 4, 1960, plaintiff climbed the back stairs to defendant's porch carrying a broom and a bucket of water. The staircase connecting the two floors was composed of three sections separated by two landings. Upon reaching the top of the stairs, plaintiff poured water on defendant's porch and down the stairway. She had swept the water off several steps when she decided to return to her apartment to refill the bucket. As she tread on a step in the middle section of the staircase, she lost her footing and fell. Plaintiff in her deposition stated that either the step itself or the sole of her shoe was wet, that she did not look at the step before placing her foot on it, that she had nothing in her hands and could have held on to the railing, but did not do so. When she first ascended the stairs, she looked at each step and did not notice any debris or paper, nor were there any apparent defects in the staircase nor, according to her deposition, were the hand railings loose or otherwise defective.

■ ■ Defendant based her motion on plaintiff's statements in her deposition of October 22, 1963, that she was never asked to clean the stairs and received no pay for doing so. Under such circumstances plaintiff would be a mere licensee while on defendant's premises and the only duty owed her by the defendant was not to wantonly and wilfully injure her. (*Ellguth v. Blackstone Hotel, Inc.*, 408 Ill. 343, 97 N.E.2d 290; *Jones v. 20 North Wacker Drive Bldg. Corp.*, 332 Ill.App. 382, 75 N.E.2d 400; *Wesbrock v. Colby, Inc.*, 315 Ill.App. 494, 43 N.E.2d 405.) Plaintiff's complaint alleged only the failure of defendant to exercise ordinary care for plaintiff's safety. In opposition to defendant's motion, plaintiff filed a counter-affidavit stating, contrary to her deposition, that she received "monetary consideration" for cleaning the stairs. Based on that affidavit the plaintiff argues that her status was that of a business invitee, rather than a licensee, and that defendant was under a duty to exercise reasonable care for her safety.

■■ The purpose of summary judgment procedure is not to try facts, but to determine whether a genuine issue exists as to any material fact which would require a trial. (*Commercial Products Corp. v. Briegel*, 101 Ill.App.2d 156, 242 N.E.2d 317.) Our Supreme Court has held that the use of summary judgment procedure is to be encouraged since, in a proper case, it benefits not only the litigants in the saving of time and expense, but also the community in avoiding congestion of trial calendars and the expense of unnecessary trials. *Allen v. Meyer*, 14 Ill.2d 284, 152 N.E.2d 576.

■■ The first statements relative to any invitation or payment by the defendant are contained in plaintiff's discovery deposition taken on October 22, 1963. The following interrogation took place:

"Q. And had you made arrangements with Mrs. Hadlock to wash the stairs?

A. This had been a common practice since I had been in there.

Q. Did she tell you to do this?

A. She never asked it, no.

Q. Did she pay you anything for it?

A. No.

Q. And this was a gratuitous undertaking on your part?

A. That's correct."

Supreme Court Rule 191 (b) specifically provides that depositions shall be considered with affidavits in passing upon a motion for summary judgment. The unequivocal answers attributed to the plaintiff and hereinbefore set forth constitute admissions (Supreme Court Rule 212(a) (2) ), which standing alone entitle the defendant to summary judgment as a matter of law. (*Weather-Gard Industries, Inc. v. Fairfield Savings & Loan Assoc.*, 110 Ill.App.2d 13, 248 N.E.2d 794; *Atherton v. City of Champaign*, 71 Ill.App.2d 432, 218 N.E.2d 106.) Plaintiff argues however that this deposition may not be relied upon by the court since (1) it was not signed by her and she did not waive her signature, and (2) the statements made therein by her have been controverted by her counter-affidavit.

■■■ Supreme Court Rules 207 and 211 deal generally with the signing and filing of depositions. Rule 207(a) reads in part as follows:

"If the deposition is not signed by the deponent, the officer's certificate shall state the reason for the omission of the signature. The deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for a refusal to sign require rejection of the deposition in whole or in part."

Rule 211 provides:

"(d) Errors and irregularities in the manner in which the testimony

is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed or otherwise dealt with by the officer are waived unless a motion to suppress the deposition or some part thereof is made    \*    \*    \*."

In the case before us no motion to suppress the deposition or any part thereof was made by plaintiff and therefore the trial court could properly consider it. Plaintiff's counter-affidavit charges that the deposition did not accurately reflect her testimony and she specified seven instances of incorrect transcription. Nowhere in the affidavit does the plaintiff aver that the excerpt from the discovery deposition hereinbefore set forth was inaccurate. Viewed in that light, the absence of plaintiff's signature on the deposition is an omission without substantive significance.

A second counter-affidavit filed by plaintiff avers that the defendant "paid to the plaintiff certain monetary consideration for the performance of her duties in and around the premises which included cleaning the stairs    \*    \*    \*." It is plaintiff's contention that a triable issue as to her status at the time she was injured was thereby raised. We do not agree. The counter-affidavit was filed on October 24, 1967, almost four years after plaintiff's deposition was taken and seven years after her fall down the stairs. Referring to the discovery deposition and the counter-affidavit, the trial judge observed that plaintiff made sworn statements in her deposition which she contradicted in the affidavit. The court inquired whether counsel for plaintiff realized the seriousness of that fact. Plaintiff's attorney replied that he did not take the situation "lightly" and in fact had informed his client as to the law "in this regard."

■■ It has been held that a counter-affidavit does not place in issue material facts which had previously been removed from contention by a party's deliberate and unequivocal admissions under oath. (*Burnley v. Moore,* 41 Ill.App.2d 156, 190 N.E.2d 141; *Meier v. Pocius,* 17 Ill.App.2d 332, 150 N.E.2d 215.) The policy of the law reflected in that rule, which seems fully applicable to the facts in the instant case, was expressed in *Pocius* as follows (p. 335):

"Plaintiff having sworn, deliberately and repeatedly    \*    \*    \* should not now be invited to commit perjury and change his testimony upon the trial of the case or so reconstruct it as to avoid the consequence of his deposition."

At the time of her deposition the plaintiff responded, "No," when asked whether she had received any pay from the defendant for washing the stairs. When asked, "And this was a gratuitous undertaking on your part?" She replied "That's correct." The questions were clear and the plaintiff's answers were concise and unqualified. We conclude that the question of whether or not there was an agreement between plaintiff

and defendant for compensation for washing the defendant's back stairs was effectively removed from contention by the admissions contained in her sworn deposition. The filing of a counter-affidavit four years later does not resurrect that issue as a bar to defendant's motion for summary judgment.

■■ The pleadings, deposition, exhibits and affidavits before the court establish that plaintiff did not go upon defendant's premises by invitation to transact business in which the parties were mutually interested and therefore she was not an invitee. Under such circumstances defendant is liable only if guilty of wilful misconduct. No such charge is made by the plaintiff and the trial court properly entered summary judgment for the defendant.

Defendant also contends that the statements made by plaintiff in her deposition show that she was contributorily negligent as a matter of law. In view of our holding that plaintiff was a mere licensee, it is not necessary to consider that point.

The judgment of the trial court is affirmed.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.