RUTH DuPREE, Plaintiff-Appellee, *v.* JET TERRY, Defendant-Appellant.

(No. 54366;

First District—August 20, 1971.

---

Stern, Rotheiser & Ginsberg, Jerome H. Torshen, of Chicago, for appellant.

Jerome Feldman, of Chicago, for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff was injured on July 26, 1963, in a collision between a taxicab in which she was a passenger and an automobile driven by defendant. She initially filed suit only against the Yellow Cab Company, but amended her complaint on March 30, 1965, charging defendant Terry with various acts of negligence. On November 26, 1965 the Yellow Cab Company paid plaintiff $3000 for a covenant not to sue. Suit was dismissed as against the cab company and the case proceeded to trial against Terry. On April 14, 1969, judgment in the sum of $8000 was entered for plaintiff on a jury verdict. The defendant Terry appealed, contending (1) that plaintiff's testimony at the trial so materially contradicted her pre-trial deposition that the judgment should be reversed without remandment, (2) that the trial court improperly restricted defense counsel's cross-examination of plaintiff's witnesses, and (3) that in any event the judgment should be reduced by the amount paid plaintiff by the Yellow Cab Company. The facts follow.

Prior to trial plaintiff's discovery deposition was taken by the Yellow Cab Company. Under oath plaintiff stated that upon entering the cab she noticed that the driver was eating barbequed ribs, that a block before the accident he "ran a red light" and almost hit three children and that on that occasion she again noticed that he was eating, that when the cab arrived at State Street the traffic light was red and "he just went through it." Plaintiff also stated that "the cab driver was in an awful hurry" and "hit" defendant's vehicle. A short time after the deposition was taken, the Yellow Cab Company negotiated the settlement with plaintiff.

At the trial the first witness to testify was Dr. George Barnett. He stated that he was a general practitioner of medicine and that he treated plaintiff for the injuries she allegedly sustained. Ernest Reynolds, driver of the cab, testified that after plaintiff entered his cab, he proceeded west on 47th Street and that as he approached the intersection of 47th and State Streets in the city of Chicago, he noticed that the traffic light for westbound traffic was green and that, as he entered the intersection, his cab was hit by defendant's vehicle which had attempted to cross 47th Street southbound against the traffic light.

Plaintiff's testimony on direct examination was limited to the fact that she was a passenger in the cab involved in the accident and that she was thereby injured. The rather narrow scope of plaintiff's direct examination and the trial court's corresponding restriction of cross-examination made it necessary for defendant to call plaintiff as an adverse witness under section 60 of the Civil Practice Act. Plaintiff then testified contrary to her pre-trial deposition that the driver of the cab was not eating anything when she entered the cab, that she did not see him

eat anything at any time prior to the accident, that as the cab approached State Street on 47th Street, the traffic light was green and that when the cab was approximately one car length from the intersection, the light was still green.

Defendant's version of the accident was that he stopped at a red light at the intersection of 47th and State Streets, that he did not move his vehicle forward until the light change to green and that his car was hit by the taxicab after he entered the intersection. We proceed to a consideration of the defendant's first point.

Defendant contends that the judgment should be reversed without remandment on the ground that the plaintiff's testimony at the trial directly contradicted the statements made by her in her deposition. The statements in the deposition constitute admissions and are admissible against the plaintiff as direct substantive evidence. (*Guthrie v. Van Hyfte*, 36 Ill.2d 252, 222 N.E.2d 492; *Felker v. Bartelme*, 124 Ill.App.2d 43, 260 N.E.2d 74.) Such admissions however are not conclusive as a matter of law and must be considered together with all the other evidence presented. (*Guthrie v. Van Hyfte, supra; Korleski v. Needham*, 77 Ill.App.2d 328, 222 N.E.2d 334; *Hurley v. Phillips*, 54 Ill.App.2d 386, 203 N.E.2d 431.) There are several recent Illinois cases which adopt what may appear to be a contrary rule. These were in summary judgment proceedings involving deliberate and unequivocal admissions of a party under oath, which the court held to be conclusive. That rule is an expression of a judicial policy aimed at eliminating the temptation to commit perjury. (*Meier v. Pocius*, 17 Ill.App.2d 332, 150 N.E.2d 215; *Burnley v. Moore*, 41 Ill.App.2d 156, 190 N.E.2d 141; *Fountaine v. Hadlock*, 270 N.E.2d 222.) Moreover, on a motion for summary judgment the court is required to rule as to the existence of a "genuine" issue of material fact. (Ill. Rev. Stat. 1969, ch. 110, par. 57.) In the instant case no motion for summary judgment was made by defendant. Although plaintiff's claim against defendant is not barred by the admissions contained in her deposition, those admissions will be a proper factor for the jury to consider in determining its verdict.

Defendant next contends that the trial court erred in restricting the cross-examination of plaintiff and her doctor. After plaintiff was called as a witness under section 60, the trial court did not permit cross-examination by the defendant with respect to the manner in which the cab was operated immediately before the accident. Only a short time elapsed between the time plaintiff entered the cab and the collision at 47th and State Streets. During that period, according to plaintiff's deposition, the cab driver "was in an awful hurry," ran a red light one

block before the accident and apparently was eating and driving simultaneously. Such a course of conduct by the driver is material on the issue of negligence at the time of impact and it was error for the trial court to restrict the testimony as to what occurred at the precise point of impact.

Further error in the restriction of evidence occurred in the examination of plaintiff's doctor. He had testified that he took plaintiff's history at the time she came to him for treatment. On cross-examination he was asked to read the first sentence of the history taken at his initial interview with plaintiff.

"DR. BARNETT: Hurt in accident when cab hit another car at 47th and State on July 26, 1963. Ran a red light.

MR. PILDES [defense counsel]: Now, Dr. Barnett, did Mrs. DuPree tell you which car went through the red light?

MR. FELDMAN [plaintiff's counsel]: Object, Your Honor.

THE COURT: He read the notes. The jury heard it.

MR. PILDES: Well, Your Honor, I have asked him to take a look at his notes and take a look at what Mrs. DuPree said. He has taken down sketchy notes and perhaps he can elaborate.

THE COURT: Counsel, don't make speeches at this time. There was an objection. I sustained it. Go on with something else."

Apparently the court limited further examination on this point in the mistaken belief that the doctor's notes were the best evidence of what was said and that other testimony with respect thereto was inadmissible. How the court reached such a conclusion is difficult to understand since on three earlier occasions, during the doctor's direct examination, the court allowed him to refresh his recollection from the medical records he had prepared in the course of treatment of plaintiff. The Best Evidence Rule requires that a disputed fact be proved by the best evidence obtainable under the circumstances. (*Young v. Ebersohl*, 328 Ill. 273, 159 N.E. 235.) That rule is generally applied to documentary evidence only and merely requires that the original of a document be produced or its absence accounted for. *Wagner v. Chicago, Rock Island and Pacific RR. Co.*, 277 Ill. 114, 115 N.E. 201. The fact that Dr. Barnett may have recorded notes of his conversation with the plaintiff and prepared a history therefrom does not render that history a document nor does it foreclose inquiry as to any independent recollection the witness may have of events referred to in the notes. See Ill. Rev. Stat. 1969, ch. 51, par. 5.1.

With respect to point 3, we hold that if judgment is rendered against defendant, there should be deducted therefrom the amount paid by the Yellow Cab Company for a covenant not to sue.

The judgment is reversed and the cause is remanded with directions to grant defendant a new trial and for such other and further proceedings as are not inconsistent with the view herein expressed.

Reversed and remanded, with directions.

ENGLISH, P. J. and LORENZ, J., concur.