ELSIE SMITH, Plaintiff-Appellant, *v.* RAYMOND ASHLEY, Defendant-Appellee.

(No. 12836;

Fourth District—July 3, 1975.

Gilbert H. Saikley, of Danville, for appellant.

Dukes, O'Rourke, Stewart & Meyers, Ltd., of Danville (C. W. Dukes and John F. Martin, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Appellant Elsie Smith filed a complaint against appellee Raymond Ashley, alleging negligence and requesting damages. Summary judgment was granted in favor of Mr. Ashley. Ms. Smith is appealing that order.

The complaint alleges that Mr. Ashley, on February 13, 1972, drove to Ms. Smith's and invited her to enter his car. The gist of the complaint is that defendant Ashley operated his car negligently by permitting or causing it to move just as Ms. Smith was attempting to enter.

Defendant moved for summary judgment. In support thereof he filed excerpts from the discovery depositions of Ms. Smith, himself and two passengers in the car. Mr. Ashley and the two passengers denied that the car moved at any time. Ms. Smith stated that something happened as she grasped the car door handle, but she does not mention a movement of the car.

In response to the motion, plaintiff filed a counteraffidavit stating that the car moved just as she attempted to enter.

Plaintiff first argues that other eyewitnesses to the occurrence existed and that it was error to grant summary judgment on the deposed testimony of some but not all the witnesses. Plaintiff cites no authority for this proposition.

Summary judgments are authorized by section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 57). That section provides that summary judgments may be granted without affidavits at all.

Supreme Court Rule 191 (Ill. Rev. Stat. 1973, ch. 110A, § 191) states that two or more affidavits can be used in support of a motion for summary judgment if the facts to be shown are not in the personal knowledge of one person.

■■ It is a long leap from these provisions to the proposition that affidavits from all persons possibly having knowledge must be submitted. We are not prepared to make that leap. If the persons had knowledge favorable to plaintiff, it was her right to obtain affidavits or to inform the court of the reasons why she was unable to do so. She did neither.

Plaintiff also objects to the use of excerpts from the depositions, rather than the complete depositions. The excerpts were authenticated by the sworn affidavit of defendant's counsel.

■■ No objection was made in the trial court to the filing of excerpts. Supreme Court Rule 211(d) (Ill. Rev. Stat. 1973, ch. 110A, § 211(d)) provides that errors and irregularities in connection with depositions are waived unless a motion to suppress is promptly made. Issues which are not raised in the trial court are not to be considered for the first time on appeal even in summary judgment cases. (*Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co.,* 131 Ill.App.2d 924, 266 N.E.2d 414.) We, therefore, hold that if this was error the issue has not been preserved for appeal.

No citations are required for the proposition that summary judgment can only be granted where the record shows that no genuine issue as to any material fact exists. Plaintiff asserts that the record shows that a dispute exists.

Plaintiff's complaint alleges that the proximate cause of her injuries was the moving of defendant's car at the time she was about to enter.

Defendant introduced, in conjunction with his motion for summary judgment, excerpts from plaintiff's deposition. Portions will be quoted, in view of their importance.

"Q. And when you looked out (of your house) and saw him (defendant) out in front, he had come to a stop in this area where you went to get in. Is that correct?

A. Right where I showed you,

Q. All right. So he stayed there to wait for you to come. Is that correct?

A. Yes.

Q. He didn't move his car from that position?

A. Not to my knowledge."

Nowhere in the deposition does Ms. Smith mention the movement of defendant's car. Ms. Smith did not file an affidavit stating that as a matter of fact, such a movement occurred and caused her injuries.

Defendant asserts that, on the basis of plaintiff's sworn statements on deposition, the issue of whether the car in fact moved had been removed from the case and could not be reintroduced by the sworn statements in the affidavit.

In *Fountaine v. Hadlock*, 132 Ill.App.2d 343, 270 N.E.2d 222, the plaintiff in a deposition had sworn to certain facts. She later directly contradicted these statements in an affidavit introduced to traverse the motion for summary judgment. The court held that the counteraffidavit did not place in issue facts previously removed from contention by deliberate, unequivocal admissions under oath.

This case is an expression of a judicial policy, the purpose of which is to eliminate the temptation to commit perjury. *DuPree v. Terry*, 1 Ill. App.3d 169, 273 N.E.2d 630.

Where summary judgment has been granted because of the conclusive effect of prior sworn statements, the contradictions between the deposed testimony and the affidavit were direct. See *Fountaine v. Hadlock; Burnley v. Moore*, 41 Ill.App.2d 156, 190 N.E.2d 141; *Meier v. Pocius*, 17 Ill. App.2d 332, 150 N.E.2d 215.

Plaintiff contends that here, the affidavit merely supplements and clarifies the deposition. In her deposition Ms. Smith stated that, to her knowledge, the car did not move. In her affidavit she stated that it did move. This is not clarification but contradiction.

■■ We believe that the cases involving summary judgment which have held that a counteraffidavit does not place in issue material facts which were removed by a party's deliberate admission under oath are directly applicable here.

"Plaintiff having sworn, deliberately and repeatedly, * * * should not now be invited to commit perjury and change his testimony upon the trial of the case or so reconstruct it as to avoid the consequence of his deposition."

*Meier v. Pocius*, 17 Ill.App.2d 332, 335, 150 N.E.2d 215, 216.

We hold, therefore, that summary judgment was properly granted.

Appellee contends that statements in plaintiff's deposition also show

936

plaintiff was contributorily negligent as a matter of law. In view of our holding that no material fact remained in dispute, it is unnecessary to consider the point.

The judgment of the trial court is affirmed.

Judgment affirmed.

TRAPP and GREEN, JJ., concur.