FRANKLIN YOUNG, Plaintiff-Appellant, *v.* DR. CHARLES PEASE, Defendant-Appellee.

First District (1st Division)   No. 81—3011

Opinion filed April 11, 1983.

Hoffman, Mueller & Creedon, of Ottawa, for appellant.

Victor J. Piekarski and Glen E. Amundsen, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:
This is an appeal by plaintiff, Franklin Young, from an order of the

circuit court of Cook County granting summary judgment for defendant, Dr. Charles Pease.

Plaintiff was injured during a work-related accident on July 12, 1972. He was directed by his employer's workers compensation insurance carrier to defendant for treatment for his injuries. Plaintiff was under defendant's care from November 17, 1972, to January 30, 1973.

On December 8, 1978, plaintiff filed this action against defendant and various other parties no longer involved in this litigation. In his complaint, plaintiff alleged discovery of defendant's malpractice on January 24, 1977. This discovery was alleged to have been made by the attorney for plaintiff in another matter. Defendant filed his answer on April 24, 1979, and included an affirmative defense based on the failure to commence the action within the applicable statute of limitations.

On May 11, 1981, defendant filed a motion for summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57), now codified as section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005). The motion was based on the statute of limitations for medical malpractice actions (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) and plaintiff's discovery deposition taken on June 25, 1980. Defendant argued that the latest date plaintiff could have filed a lawsuit was four years from the last date of treatment, or January 30, 1977. Defendant also argued that plaintiff admitted in his deposition that the date of discovery was in 1973, and that, therefore, the action should have been filed by the end of 1975. The relevant portion of plaintiff's deposition was attached to the motion and reveals the following colloquy between plaintiff and defendant's attorney:

"Q. When was the first time that anyone informed you that the treatment by Dr. Pease was improper?
A. My attorney.
Q. Do you remember when that was?
A. No I don't.
Q. You know approximately when that was?
A. About seven years ago, a little over seven years.
Q. Who told you his treatment was improper?
A. Mr. Craig Armstrong.
Q. And where did that conversation take place?
A. In his office.
Q. Do you remember what month it was?
A. No, I don't.
Q. Did you do anything after you heard that?
A. No."

At the hearing on the motion for summary judgment, plaintiff filed

the affidavit of Craig Armstrong. Armstrong represented plaintiff before the Industrial Commission and in another lawsuit resulting from the accident. In his affidavit, Armstrong contradicted plaintiff's statement as to the date of discovery of the alleged malpractice. Armstrong stated in his affidavit that he first had occasion to believe plaintiff may have been maltreated by defendant on January 24, 1977, when he took the evidence deposition of another doctor for an unrelated case. Before that date, Armstrong stated, he had never told plaintiff that the treatments by defendant may have been improper. Armstrong also stated that plaintiff is a "somewhat nervous individual" and that he is "likely to become confused in an unfamiliar and anxious environment such as being a deponent or a witness in a lawsuit."

The trial court granted summary judgment to defendant. In so doing, the court found plaintiff could not contradict his clear admission made in the deposition. The court also held that plaintiff's action would be barred by the statute of limitations since it was filed more than four years after plaintiff was treated by defendant.

Plaintiff on appeal contends (1) the statements made in his discovery deposition were equivocal in nature and a genuine issue of fact exists concerning the date on which the alleged malpractice was discovered, and (2) retroactive application of the statute of limitations as amended in 1976 does not provide plaintiff a reasonable time within which to file his action.

For the reasons stated below, we reverse and remand.

Plaintiff argues that statements made in his discovery deposition are evidentiary admissions capable of contradiction by other evidence. (Citing 87 Ill. 2d Rules 201(j), 212 (a)(2).) Plaintiff contends the Armstrong affidavit accurately explains the actual date of discovery. Thus, he concludes, there is a genuine issue of fact as to when discovery of the alleged malpractice was first made.

Defendant asserts the admissions in the deposition have the equivalent effect of judicial admissions (citing *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 150 N.E.2d 215, and *Burnley v. Moore* (1963), 41 Ill. App. 2d 156, 190 N.E.2d 141) and that a party may not use counteraffidavits and the conflicting testimony of third parties to place in issue facts which have already been removed from contention by a party's deposition testimony. See *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1979), 71 Ill. App. 3d 562, 390 N.E.2d 60, *appeal denied* (1980), 79 Ill. 2d 618; *Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32, *appeal denied* (1975), 60 Ill. 2d 601; *Fountaine v. Hadlock* (1971), 132 Ill. App. 2d 343, 270 N.E.2d 222.

It has also been held that "[t]here may be cases in which admis-

sions at pre-trial depositions are so deliberate, detailed, and unequivocal, as to matters within the party's personal knowledge, that they will conclusively bind the party-deponent, and he will not be heard to contradict the admissions at the trial" (*Haskell v. Siegmund* (1960), 28 Ill. App. 2d 1, 11, 170 N.E.2d 393) and that a counteraffidavit does not place in issue material facts which had previously been removed from contention by a party's deliberate and unequivocal admissions under oath. (*Fountaine v. Hadlock; Burnley v. Moore; Meier v. Pocius.*) This rule is an expression of a judicial policy aimed at eliminating the temptation to commit perjury. *DuPree v. Terry* (1971), 1 Ill. App. 3d 169, 273 N.E.2d 630.

We hold that plaintiff's admissions quoted above from his deposition in this case do not fall within the holdings of the above authorities. As the excerpt shows, plaintiff was asked three times by defendant's counsel as to when was the first time anyone informed him of improper treatment by defendant. The first answer was unresponsive. In the second answer, plaintiff stated he did not remember. In response to the third question, plaintiff answered generally "[a]bout seven years ago, a little over seven years."

In *Olesker*, defendant was granted summary judgment after certain admissions were made by the president of the plaintiff-corporation during his deposition testimony. At issue was the discovery date of an alleged libelous credit report by plaintiff's officers. In his deposition, plaintiff's president admitted facts which indicated he knew of the report more than one year prior to the filing of the complaint. Plaintiff submitted affidavits of the deponent and another corporate officer asserting that the deposition testimony was incorrect and the deponent had been confused and not in good health at the time of the deposition.

After reviewing the deposition testimony concerning the date of discovery, this court found the testimony to be unequivocal and deliberate. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1979), 71 Ill. App. 3d 562, 569.) Moreover, the testimony concerning the circumstances of this discovery, which was extensively recited in the opinion, was found to be quite specific and lengthy.

Likewise, in *Meier v. Pocius*, a dramshop action, the court found the plaintiff had made deliberate and repeated statements in a deposition as to his complicity in a drinking spree and therefore could not "be invited to commit perjury and change his testimony upon the trial of the case." (17 Ill. App. 2d 332, 335.) In *Fountaine v. Hadlock*, a plaintiff could not challenge her "concise and unqualified" deposition answers with a counteraffidavit four years after the fact. 132 Ill. App. 2d 343, 347-48.

We find that in the case at bar plaintiff's answer in his deposition was not so deliberate and unequivocal as to elevate it to a judicial admission. (See *Frisch v. International Harvester Co.* (1975), 33 Ill. App. 3d 507, 338 N.E.2d 90.) Plaintiff's responses to the questions are not concise and the admission is qualified by his earlier denial.

■■■ We hold that, where a plaintiff has not made deliberate, repeated and unequivocal statements, it is possible, for purposes of a motion for summary judgment, to controvert the claimed admissions made in those statements. (*Cf. Schoen v. Caterpillar Tractor Co.* (1968), 103 Ill. App. 2d 197, 243 N.E.2d 31 (legal effect of admissions in the deposition of a party, where not controverted or even attempted to be controverted, are properly tested by summary judgment procedure); *DuPree v. Terry* (admissions from a deposition are not conclusive as a matter of law and must be considered together with all the other evidence).) The trial court erred in not considering the effect of the affidavit by Armstrong. As plaintiff's attorney in a different matter, Armstrong had knowledge of the facts and circumstances surrounding the discovery that plaintiff may have been improperly treated by defendant. His affidavit stating those facts should have been considered. However, any conclusory matter is inadmissible to be considered in opposition to the motion for summary judgment. See 87 Ill. 2d R. 191(a).

Our holding is consonant with the supreme court's pronouncement in *McCormack v. Haan* (1960), 20 Ill. 2d 75, 78-79, 169 N.E.2d 239:

> "Of course a party may, by his own testimony, conclusively bar his claim or his defense. But a determination that he has done so depends upon an evaluation of all of his testimony, and not just a part of it. It depends, too, upon an appraisal of his testimony in the light of the testimony of the other witnesses and a consideration of their respective opportunities to observe the facts about which they testify. McCormick on Evidence, pp. 513-516 [1972 ed., pp. 636-39]; 9 Wigmore on Evidence, 3rd ed., sec. 2594(a)."

The same principle is found in Supreme Court Rule 201(j), which states "[d]isclosure of any matter obtained by discovery is not conclusive, but may be contradicted by other evidence." 87 Ill. 2d R. 201(j); *cf. Deel v. United States Steel Corp.* (1969), 105 Ill. App. 2d 170, 245 N.E.2d 109, *appeal denied* (1969), 40 Ill. 2d 580 (answers to interrogatories are not judicial admissions).

Plaintiff's second contention involves the application of section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), which provides a four-year maximum limitation period for medical malpractice actions. The trial court held that plaintiff's cause of action was filed more than four years after the last date of treatment. Plaintiff

argues that the application of the four-year limitation period, which became effective September 19, 1976, as an amendment to section 21.1, did not provide him with a reasonable time within which to file his action. Defendant argues that the court acted properly in applying the four-year limitation period.

The general rule in Illinois is that an amendment shortening a statute of limitations will not be retroactively applied so as to terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action. (*Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 428 N.E.2d 941, *aff'd sub nom. Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223; *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54.) The time period examined for its reasonableness is that time between the statute's effective date and the date on which the pre-existing cause of action would be barred under the new statute as applied. *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 427 N.E.2d 999; *Moore v. Jackson Park Hospital.*

In *Moore*, plaintiffs had "no time whatsoever" to file their actions after the effective date of the 1976 amendment. The supreme court concluded:

> "Not only did the legislature in 1976 shorten the time in which these plaintiffs' claims could be brought, but also the trial court, in applying the statute retroactively, instantaneously barred these plaintiffs' causes of action on the effective date of the amendment to the statute of limitations. Given the unusual circumstances in these cases we hold that these plaintiffs' claims should not have been automatically barred and their causes of action should not have been automatically dismissed for failure to comply with the four-year cutoff provision of the statute. Instead the court should have determined whether these actions were filed within a reasonable time after the effective date of the 1976 amendment." 95 Ill. 2d 223, 237.

■ Thus, where retroactive application of the new statute instantaneously bars a plaintiff's claim, there exists no reasonable time within which to file after the effective date of the amendment. In the case at bar, although retroactive application of the amendment does not instantaneously bar plaintiff's cause of action, the time period within which his cause could be brought was effectively shortened. As in *Moore*, the cause of action should not have been automatically dismissed for failure to comply with the four-year limitation period. A determination should have been made as to whether a reasonable period

existed after the effective date of the 1976 amendment for plaintiff to file his action.

Defendant relies on *Anderson v. Wagner* and *Muller v. Health & Hospital Governing Com.* (1982), 106 Ill. App. 3d 383, 436 N.E.2d 26, to support his argument that the 1976 amendment to section 21.1 was correctly applied. In *Anderson,* the supreme court stated that it was possible under the 1976 amended statute for an action to be barred without violating due process. (79 Ill. 2d 295, 312; see *Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 878; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 945.) The court also stated and applied the general rule in determining whether the newly amended statute was applicable. In that case, the new statute was applied because plaintiffs had a reasonable time, eight months after the effective date of the amendment and sixteen months after discovery, in which to file the action. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 323; *cf. Baker v. Allen* (1982), 104 Ill. App. 3d 1055, 433 N.E.2d 1032 (a reasonable time period existed where, after application of the amendment, plaintiff had 19½ months after the amendment's effective date and 17 months from the date of discovery to file her action).) *Muller* has been effectively overruled by the supreme court's opinion in *Moore* and otherwise provides no support for defendant's position.

Defendant also argues that plaintiff's action would have been barred under section 21.1 as it existed before it was amended in 1976. At that time, section 21.1 provided a five-year limitation period on the filing of a malpractice action. (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.) The applicability of that statute (which became effective November 11, 1975) to this case cannot be determined until the applicability of the current statute is determined. A hearing is required to determine whether plaintiff had a reasonable period after the 1976 amendment became effective in which to file his action.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GOLDBERG and McGLOON, JJ., concur.